MRS. IZORA E. LAFIELD ET AL. V. MARYLAND CASUALTY COMPANY.

Application No. 17722. Decided November 26, 1930.
(33 S. W., 2d Series, 187.)

*Roy R. Priest,* Guardian ad Litem, *Richard R. Yett* and *Cofer & Cofer,* for appellants.

A proceeding brought by an Insurance Company, appealing from an award by the Industrial Accident Board, in the District Court of the County, where the alleged injury was sustained, is a special proceeding, exclusive jurisdiction being conferred upon said court by statute in derogation of the common law, and the rights and remedies of the parties are fixed and determined wholly by the statute conferring said jurisdiction and no appeal to the court of Civil Appeals being provided by the statute, the decision of the district court is final. Middleton v. Texas Power & Light Co., 108 Texas, 96, 185 S. W., 556; Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084; Thorne v. Moore, 101 Texas, 205, 105 S. W., 985; Ex parte Towles, 48 Texas, 444; Brown v. Wheelock, 75 Texas, 385; O'Docherty v. Archer, 9 Texas, 295; Wright v. Fawcett, 42 Texas, 203; Rogers v. Johns, 42 Texas, 339; Tadlock v. Texas Monumental Com., 21 Texas, 166; Baker v. Chisholm, 3 Texas, 157; Field v. Anderson, 1 Texas, 437; State v. Bingham, (Com. App.), 280 S. W., 1062; United States Fidelity & Guaranty Co. v. Lowery, 219 S. W., 227 (dissenting opinion by Jenkins, later approved by Supreme Court) ; Naylor v. Naylor, 128 S. W., 475; State v. Bingham, (Civ. App.) 275 S. W., 147, reversed; Renaud v. State Court of Mediation, 124 Mich., 643, 63 N. W., 620, 83 A. S. R., 346, 51 L. R. A., 458; State v. Rosenwald, (New Mex.) 170 Pac., 42; 28 R. C. L., p. 714, Sec. 3, p. 750, Secs. 45, 46, 47, 51 and 79, also

p. 124; 3 C. J., Sec. 42, pp. 325–326; Sec. 130, p. 374; 2 Schneider's Workmen's Compensation Law, Sec. 556, p. 1541; also Sec. 558, p. 1553.

The jurisdictional fact that the injury occurred in Reagan County having been pleaded by both plaintiff and defendant was an admitted fact. After the plaintiff in error below, the Insurance Co., who was plaintiff below, had invoked the jurisdiction of the District Court and pleaded in its trial petition that the injury occurred in Reagan County, it was not incumbent upon defendants either to allege or prove this admitted jurisdictional fact. Davies v. Texas Empl. Ins. Assn., 16 S. W., (2d) 524.

Where an Indemnity Company brings a suit to set aside an award of the Industrial Accident Board and in its petition pleads the jurisdictional facts it is unnecessary for the claimants in their answer to plead the same facts. Employers' Indemnity Corporation v. Felter, 264 S. W., 137. To the same effect is the decision in Western Indemnity Co. v. Toennis, (Tex. Civ. App.) 250 S. W., 1102, where the Insurance Company brought the suit to have the award set aside alleging in its petition all the jurisdictional facts. Brown v. Wheelock, 75 Texas, 385.

*Hill, Smith & Neill, Cantey, Hanger & McMahon, Warren Scarborough,* and *E. A. McCord,* for defendants in error.

The burden was upon the compensation claimants to show that the injury was received in Reagan County. In Petroleum Casualty Company v. Crow, 16 S. W., (2) 917, the court holds that it is incumbent upon the compensation claimants to allege and prove that the deceased received the injury in question in the county in which their action for compensation is being maintained.

Mr. Justice GREENWOOD delivered the opinion of the court.

Defendant in error Maryland Casualty Company brought this suit in the District Court of Reagan County against plaintiffs in error Mrs. Izora E. Lafield and others to vacate an award of the Industrial Accident Board of the State of Texas of date December 4, 1928, to plaintiffs in error for $19.04 per week for 360 weeks commencing August 17, 1927, less credits of $2,000. Defendant in error alleged in its amended original petition that the award was made to plaintiffs in error as compensation for the death of E. M. Lafield, on the claim that said E. M. Lafield's death resulted from an injury which he sustained in the course of his employment by

Group No. 1 Oil Corporation, at a time when said corporation was insured by defendant in error under the terms of the Texas Employers Liability Act. Defendant in error expressly alleged in its amended original petition that "the injury alleged to have been sustained by the said E. M. Lafield occurred on or about the 16th day of August, 1927, in the County of Reagan, State of Texas."

By cross-action plaintiffs in error sought judgment against defendant in error for a lump sum settlement of compensation for 360 weeks, beginning August 16, 1927, at $19.04 per week, for the death of E. M. Lafield, husband of Mrs. Izora E. Lafield and father of the other plaintiffs in error who are minors. In their cross-bill plaintiffs in error alleged that E. M. Lafield's death was caused by an injury sustained by him in Reagan County, Texas, while engaged in the performance of his duties as an employee of Group No. 1 Oil Corporation, said corporation holding a policy issued by defendant in error insuring the said E. M. Lafield in accordance with the Workmen's Compensation Law of Texas.

The jury answered special issues in favor of plaintiffs in error and judgment was entered in their behalf against defendant in error for a lump sum of $3891.44. On writ of error the judgment was reversed by the Court of Civil Appeals on the single ground that plaintiffs in error "have not discharged the burden of showing that the place where Lafield received his injury was in Reagan County." 29 S. W., (2d) 446.

Complaint is made by plaintiffs in error that the Court of Civil Appeals erred in not dismissing the writ of error because the District Court, in statutory proceedings following an award of the Industrial Accident Board is exercising a special jurisdiction in derogation of the common law, of such a nature that no appeal or writ of error lies from the action of the District Court, because the statute conferring the jurisdiction makes no provision for review of the District Court's action by appeal or writ of error.

In support of the contention that the District Court is the court of last resort in cases under the Compensation Act, plaintiffs in error rely on holdings in cases like Middleton v. Texas Power & Light Co., 108 Texas, 96, 185 S. W., 556, and Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084, to the effect that the rights to be enforced are derived not from the common law but from the statutes and that parties seeking to enforce their statutory rights and remedies must show compliance with the statutory prerequisites. Plaintiffs in error further rely on various decisions announcing that

where special authority is conferred on a public official or court, its exercise is not subject to appellate review in the absence of statutory provision therefor.

The question thus presented is to be determined on consideration of the applicable constitutional and statutory provisions. These provisions are so plain in their terms as to leave no room for doubt that judgments of the District Court in compensation cases are in the same category with ordinary judgments of that court in civil cases with respect to their review in the appellate courts.

Section 5 of Article 8307 of the Revised Statutes gives to any interested party not consenting to abide by a final decision of the Industrial Accident Board the right, on giving certain notice, to bring suit, within a certain time, in the county where the injury occurred, to set aside such decision. On the filing of such suit "the rights and liabilities of the parties thereto shall be determined by the provisions of this law." No matter who institutes the suit "the court shall * * * determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

Section 6 of Article V of the Constitution gives to each Court of Civil Appeals appellate jurisdiction, extending "to *all* civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Article 2249 of the Revised Statutes prescribes that "an appeal may be taken to the Court of Civil Appeals *from every final judgment* of the District Court *in civil cases.*"

A suit in the District Court, under section 5 of Article 8307 is certainly a case under this Court's definition of a case as a suit involving a question contested before a court of justice, and of a suit as "the prosecution of some demand in a court of justice." Ex parte Towles, 48 Texas, 433. The case is civil as distinguished from criminal. The judgment to be rendered on the trial de novo is a judgment of the court and not of the presiding judge. Hence, we cannot deny the right of appeal from such judgment, without violating the right expressly guaranteed by Section 6 of Article V of the Constitution and by Article 2249 of the Revised Statutes that "an appeal may be taken to the Court of Civil Appeals from every final judgment of the District Court in civil cases." We cannot give effect to the right of appeal from *every* final judgment of the District Court in civil cases and withdraw the right as to certain final judgments of that court in cases strictly civil in the absence of

special statutory direction. The evident purpose of our constitutional and statutory provisions is to assure every litigant a trial according to law. The appeal or writ of error merely prolongs the trial begun below with a view to achieving that result. There is no reason to ascribe to the Legislature an intent to withdraw the class of cases under consideration from the operation of this just rule.

The Supreme Court has uniformly upheld the right of review by the appellate courts of judgments in compensation cases. In so doing, the Court has enforced a public policy recognized in Texas from the earliest time. In Bradley v. McCrabb, Dallam, 507, the Court by Chief Justice Hemphill declared: "Under our constitution and laws, the defeated party is entitled to an appeal from any final judgment rendered in the district courts; and the jealous caution which might arise from the influence of apprehensions that remediless wrongs might be committed, can have no foundation or support in the structure of our judicial system." Again, the Court, through Chief Justice Brown, said: "It is the policy of the Legislature and of the courts to construe liberally all provisions of the statute so as to secure the right of appeal." Hamill v. Samuels, 104 Texas, 49.

Where the Legislature conferred jurisdiction on the District Court to adjudicate a specific claim against the State, it was held that "it was not necessary that the Act authorizing such suit should have specially provided for the right of appeal." State v. Haldeman, 163 S. W., 1021.

No one can question that the writ of error under our practice performs the same office as an appeal. Having determined that an appeal was authorized from the judgment of the District Court herein, we have necessarily determined defendant in error's right to take the case to the Court of Civil Appeals on writ of error, there being nothing in the Constitution or statutes indicating a contrary intention. The Texas Ry. Co. v. Jackson Bros., 85 Texas, 607; 3 Texas Jurisprudence, sec. 8, page 42.

The defendant in error and the plaintiffs in error each alleged in their pleadings that the injury to E. M. Lafield, for which compensation was sought, had been sustained in the County of Reagan, State of Texas. It is never necessary for a party to prove a fact admitted in the pleadings of his adversary. With the fact admitted in defendant in error's own amended original petition, it could not

secure a reversal of the judgment against it for want of evidence that the injury was sustained in Reagan County.

The Supreme Court has appellate jurisdiction extending to all questions of law arising in a case when the same has been brought to the Court of Civil Appeals from a final judgment of the trial court, where a Court of Civil Appeals has held differently from a prior decision of its own or of another Court of Civil Appeals or of the Supreme Court. As article 1728 was amended by the Acts of the 40th Legislature, page 214, chapter 144, it is provided that "in cases of such conflict with a previous opinion of the Supreme Court, the Supreme Court may, in its discretion, without the necessity of granting the writ and hearing the case, reverse and remand the same on application for writ of error." Art. 1728, Complete Texas Statutes 1928.

We regard this case as presenting a proper occasion for the exercise of the discretion conferred on the Court under the above provision of the statute. The decisions of the Supreme Court are conclusive that there is no need to prove a fact admitted in pleadings of all parties. No plainer declaration could be formulated than that of the Supreme Court, per Justice Wheeler, in Graham v. Henry, 17 Texas, 166, in these words:

"There can never be a necessity to prove matters of fact, which the adverse party has alleged in his pleadings. The jury are sworn to try the issues between the parties; but matters expressly admitted on both sides, not being in issue, do not require proof."

The subsequent decisions of the Court are all in line with Graham v. Henry, among which may be cited Ogden & Johnson v. Bosse, 86 Texas, 344; League v. State of Texas, 93 Texas, 559; Pope v. Kansas City M. & O. Ry. Co. of Texas, 109 Texas, 322.

Various questions were raised in the Court of Civil Appeals such as those attacking fact findings and questioning admission of evidence, of which the jurisdiction of that court is final. These questions have not been considered in the Court of Civil Appeals.

It is ordered, without the necessity of granting the writ of error and hearing the case, that the judgment of the Court of Civil Appeals be reversed and that the cause be remanded to that court for further proceedings in accordance with this opinion.