## CAMPBELL v. HICKS.

No. 13104.

Court of Civil Appeals of Texas. Fort Worth.

March 27, 1935.

Rehearing Denied May 17, 1935.

Perkins & Culbertson, of Fort Worth, for appellant.

Clay Cooke and Walter D. Nicholson, both of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by the World Oil Company against John C. Hicks, independent executor of the estate of L. R. Hicks, deceased, to recover on a note executed by the decedent for the sum of $2,800, dated August 2, 1926, with a credit indorsed thereon for $200, of date September 2, 1926.

The defendant filed an answer presenting the defense of want of consideration and payment, based on allegations that the note and credit payment thereon were solely for accommodation of the World Oil Company.

Defendant also filed a cross-action in which it was alleged that on May 13, 1926, plaintiff executed to L. R. Hicks its contract, in writing, to sell to him 640 acres of oil and gas leases in Tom Green county on a basis of $10 per acre, payable in certain specified installments on different dates, and to assign an equal proportion of the acreage involved according to the amount of money paid in on the contract by L. R. Hicks in the event he should be unable to complete the remainder of the payments, and that under said contract L. R. Hicks had paid to plaintiff $3,800 as the purchase price for 380 acres of said leases and had demanded an assignment of the same which plaintiff World Oil Company had refused, and, since such refusal, those leases had become valueless. In the cross-action defendant sought a recovery of the purchase price so paid as the measure of damages for such breach of contract.

By supplemental petition plaintiff interposed pleas of limitation, followed by this special plea:

"And by way of special answer herein, if necessary, not waiving the above pleas, but still insisting upon the same this plaintiff says that it is true that said World Oil Company and L. R. Hicks, Jr., did enter into and execute the contract set out in defendant's said answer and cross action and to which was attached and made a part thereof an assignment of said oil and gas leases as described in said contract; that the effect of the whole of said instrument was to constitute and did constitute an assignment of said oil and gas lease insofar as the same covered said 640 acres of land therein described and reserving a vendor's lien in favor of said World Oil Company, Inc., to secure the payment thereof; that said contract as shown by said answer and cross action contains the following provision:

" 'In the event that said payments are defaulted the World Oil Company, may at its option cancel the remainder of oil and gas leases purchased hereunder and said assignment will be construed as a null and void instrument and without effect even though the same has been recorded. Or at the option of· party of the first part (World Oil Company) said payment may be extended without· prejudice to its interests.'

"That said defendant L. R. Hicks, Jr., did make default and failed to pay the whole of said purchase price as therein stated and in conformity with said provision of said contract said World Oil Company, Inc., did exercise its option to extend the time of said payments as evidenced by said note herein sued upon, which said note was duly executed and delivered by said L. R. Hicks, Jr., in accordance with said contract and agreement; that at no time did said defendant L. R. Hicks, Jr., ever demand or request of World Oil Company an assignment to any portion of said acreage, but in truth and in fact by reason of his having sold certain undivided interests in six hundred acres of said oil and gas leases had placed himself in a position where he could not accept such assignment and refused to accept at all times any certain specific acreage in consideration of payments theretofore made; that at the time of the execution of said contract said World Oil Company, Inc., was engaged in the drilling of a well for oil and gas on lands adjacent, contiguous and near each ·of the tracts covered by said contract and assignment to said defendant L. R. Hicks, Jr., that the drilling of said well was prosecuted until on or about the first day of September, A. D. 1926, at a depth of approximately 4000 feet, which said well was a non-producer and failed wholly to produce oil or gas in any quantity and the said well was abandoned as a dry hole; that thereupon said territory including the lands on which an oil and gas lease was to be assigned to said L. R. Hicks, Jr., under and by terms of said contract and which was in truth and in fact assigned to him, was condemned as oil or gas producing lands and became wholly worthless and valueless, and that said oil and gas lease soon became terminated under its terms and forfeited, that by virtue thereof any further assignment or claim to said lease by the said L. R. Hicks, Jr., became worthless and void and of no further force and effect and said L. R. Hicks, Jr., recognized his liability under the terms of said contract and under and by virtue of the terms of said note at all times prior to the time of filing a suit herein recognized the validity thereof, and towit, on or about the 2nd day of September, 1926, paid to said World Oil Company, Inc., the sum of Two Hundred Dollars ($200.00) thereon thereby recognizing and admitting his liability thereon and thereby waives such defense so set up and the matters contained in said cross action, and said John C. Hicks, independent executor of the Estate of L. R. Hicks, Jr., is now estopped to deny the validity of said note and the obligation there-

in contained; that by virtue of the foregoing said note is a valid and binding obligation against the said John C. Hicks, independent executor of the Estate of L. R. Hicks, Jr., the said L. R. Hicks, Jr., having received the benefits from said contract and having exercised dominion, control and ownership over said leases so assigned and contracted to be assigned by selling interests therein to the extent of more than the purchase price thereof and that the defenses and counter claims of said John C. Hicks, independent executor of the estate of L. R. Hicks, Jr., should be in all things denied."

The case was tried before a jury, and the following are the issues submitted with their findings thereon:

"1. Did the deceased L. R. Hicks, Jr., execute and deliver to World Oil Company, Inc., the $2,800.00 note sued upon herein? Answer: Yes.

"2. Was the note sued upon herein executed by L. R. Hicks, Jr., and delivered to World Oil Company, Inc., as an accommodation note? Answer: Yes.

"3. What sum of money, if any, do you find L. R. Hicks, Jr., paid World Oil Company, Inc., on the oil and gas leases in Tom Green County, Texas, mentioned in the contract of date May 13, 1926? Answer: $3,800.00.

"4. Did the World Oil Company, Inc., execute and deliver to L. R. Hicks, Jr., an assignment of any oil lease or oil leases mentioned in the contract of date May 13, 1926? Answer: No.

"5. Did L. R. Hicks, Jr., receive any valuable consideration from World Oil Company, Inc., for the note sued upon herein? Answer: No.

"6. What, if anything, do you find was the consideration for which L. R. Hicks, Jr., executed to World Oil Company, Inc., the $2800 note sued upon herein? Answer: ———."

Judgment was then entered denying plaintiff a recovery on the note sued on by it and awarding the defendant a recovery for the amount claimed in the cross-action.

During the pendency of the suit, George H. Campbell had been appointed receiver of the World Oil Company and had been made a party plaintiff, and judgment was rendered against him as such receiver.

■■■ Complaint is made of the court's refusal to submit appellant's requested issues presenting the defenses of the statutes of limitation of two and four years.

According to allegations in the cross-action, the defendant paid to plaintiff the sum of $3,800 as the purchase price of certain oil leases which plaintiff contracted to convey to him but which he had never received, and that was the basis of the demand asserted in the cross-action. That cross-action was asserted in defendant's second amended original answer, which was filed October 23, 1933. If that was the first time the cross-action had been asserted, then the pleas of limitation would have been good. The original answer and cross-action had been lost and could not be produced, but the defendant offered evidence to show that the same cross-action had been asserted in his original answer. The proof offered consisted of plaintiff's first supplemental petition, filed April 21, 1927, which expressly alleges that it was in reply to defendant's cross-action theretofore filed with other allegations showing that the cross-action theretofore filed was substantially the same as that alleged in the amended original answer, filed October 23, 1933, and upon which the defendant went to trial. We believe that the evidence, in connection with parol testimony in corroboration thereof, and with no evidence introduced to controvert it, conclusively showed that the pleas of limitation urged by plaintiff to the cross-action were without merit, especially since the plaintiff had the burden of proof to sustain them, and therefore the court was authorized to determine the same as a matter of law without submitting them to the jury.

Another assignment of error is addressed to the introduction in evidence of testimony given by L. R. Hicks, Jr., now deceased, on the trial of a former suit by him against the World Oil Company and Chester R. Bunker, its president, for recovery of certain commissions claimed by Hicks for advertising oil leases owned by those defendants, and which it was alleged they had agreed to pay him. That testimony had been taken down by the regular court stenographer, who verified it as correctly transcribed. The transcript of the evidence so made by the stenographer shows that, while L. R. Hicks, Jr., was on the witness stand, in answer to questions propounded by attorneys for the World Oil Company and Bunker, he testified, in substance, as follows: To the execution of the note sued on by plaintiff and payment thereon of $200

as an accommodation to the World Oil Company; also the written contract of that company, which was introduced in evidence, to sell him 640 acres of oil and gas leases in Tom Green county, on a basis of $10 per acre, and to convey to him such portions thereof as he might pay for, and payment made by him thereon by checks for 380 acres.

. The stenographer's notes taken in that case show that, after L. R. Hicks had testified to the above, he further testified in answer to questions propounded by his own counsel that he had paid the oil company $3,800 for oil and gas leases within the 640-acre tract covered by the World Oil Company's written contract of sale, and that the company had failed and refused to convey it to him. The transcript of that testimony was introduced by the defendant in support of the cross-action over plaintiff's objection that it was hearsay.

■ The general rule is that testimony of a witness on a former trial between the same parties or their privies, involving substantially the same issues where there was opportunity to cross-examine him, may be reproduced on another trial if the witness has since died. In Greenleaf on Evidence (16th Ed.) Vol. 1, p. 276, § 163–A, this is said: "Furthermore, there is not an adequate opportunity of cross-examination unless on the former occasion of litigation the issues and the parties were substantially the same as in the present case. As to the issues, the material inquiry is whether the present topic was then a subject of investigation; e. g., if the then litigation concerned Blackacre and the present case concerns Whiteacre, but the controversy in both is whether John Doe is Richard Roe's heir, the rule is satisfied, but if, though the same act of taking is involved, the charge in one case larceny of a horse, and in the other larceny of a weapon, the rule might not be regarded as satisfied. The application of the principle will depend chiefly on the circumstances of each case."

See, also, 17 Tex. Jur. § 276, p. 658; Boyd v. St. Louis S. W. Ry., 101 Tex. 411, 108 S. W. 813; St. Louis S. W. R. Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832; Trinity & P. Ry. v. Geary (Tex. Civ. App.) 194 S. W. 458; Morris v. Davis (Tex. Civ. App.) 292 S. W. 574, 575; Holcombe v. Holcombe's Ex'rs, 10 N. J. Eq. 284; 2 Wigmore on Evidence, vol. 2, p. 1728.

The authorities cited seem to lay special stress on the necessity of showing that the party against whom such testimony is offered had opportunity to cross-examine the witness in the former suit.

■ Two of those tests were met in this instance, to wit, the parties in the two suits were the same and both parties examined the witness on the former trial. The question then remains whether there was a substantial identity of issues.

It is apparent that the testimony brought out by the oil company on the trial of the former suit was introduced to refute the claim made by Hicks upon the theory that, if the company owed him for services rendered under its contract with him, then it was entirely unreasonable to suppose that he would have executed the note identified as the same as the one sued on in this case, and thereafter would have paid $200 thereon. And such testimony would have been admissible under a plea of general denial without the necessity of a special plea as a basis for its introduction. While that suit was not to recover on the note involved in this suit, yet the majority of us believe that the issue upon which the testimony introduced was involved in this suit to such an extent as to meet the test of substantial identity of issues, and was therefore admissible under the rule announced; although Mr. Justice LATTIMORE does not concur in this conclusion.

■ However, independently of that question, we all conclude that the error, if any, in admitting that testimony was harmless, in view of the admissions made in plaintiff's supplemental petition that plaintiff did enter into the contract to convey oil and gas leases of 640 acres and had failed to convey the portion for which he had paid, with no offer of testimony to support the further allegation of reasons for such failure. 17 Tex. Jur. 576; Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187. And this is an answer to further complaints of admission of the contract referred to.

All assignments of error are overruled and the judgment of the trial court is affirmed.

BROWN, Justice (specially concurring).

It has never been the law in this state that a pleading must have the signature of the clerk of the court, in which the cause

of action that supports the pleading is pending or that any specific file mark be placed thereupon, before the pleading will be considered as filed. If such were the rule, the mere neglect of the clerk could deprive a litigant of his substantial rights.

In this cause the appellant, plaintiff below, filed on April 21, 1927, its first supplemental petition which it addressed to the "First Amended Original Answer" and "to the cross action therein interposed by the said L. R. Hicks, Jr."

This pleading specially excepts to paragraph 3 of Hicks' pleading and points out and refers to the subject-matter of such paragraph.

Likewise appellant in such pleading denied the allegations found in paragraph 4 of Hicks' pleading, and specially excepted to paragraph 5 of Hicks' pleading; and pointed out the substance of paragraphs 4 and 5 of Hicks' pleading in such a way as to make plain the subject-matter found therein; and appellant specially excepted to paragraphs 6, 7, and 8 of Hicks' "Amended Answer and Cross Action."

A carbon copy of Hicks' pleading, so answered by appellant, was found, and was tendered to the court as evidence tending to support Hicks' contention that the cross-action was not barred by limitation.

An inspection of the carbon copy and the "plaintiff's First Supplemental Petition" shows conclusively that the "supplemental petition" was indeed and in fact filed in reply to the pleading, a carbon copy of which was found and produced. It is in substance, in all essentials, the identical cross-action shown in the pleading on which the parties went to trial.

The evidence is conclusive that appellant treated the pleading as a live, filed pleading, and considered it of enough moment to require a vigorous reply thereto.

No evidence was introduced tending to prove that no such pleading was ever in existence. Only negative testimony is found in the record, viz., that the clerk's file docket fails to show such a pleading was filed and that none has been found in the papers.

The burden of proof was upon the appellant to show that no cross-action was filed, prior to the filing of the one upon which the trial was had, and, if filed, that it was filed too late to toll the statute. That burden was not met.

As to the introduction of the testimony given by Hicks (now deceased) on a former trial between Hicks and appellant, in a suit where Hicks was asking for judgment against appellant on some contract, under which Hicks claimed he had earned certain commissions promised him, the appellant was responsible for bringing out, through Hicks, on cross-examination, the fact that Hicks had executed the note sued upon here; that Hicks had paid $200 on the note at a time when he was claiming the commissions; that the note grew out of the sale of oil leases by appellant to Hicks.

Under fire, as it were, Hicks went into the matters and explained the lease transaction and the note transaction; testifying that the note was an accommodation note, that, although he had paid $3,800, and was entitled to leases covering 380 acres, no lease had ever been assigned to him.

Appellant was responsible for bringing out this testimony, and believed that it was so pertinent to the issue of whether it owed Hicks, or Hicks in fact owed it, that much importance was apparently attached to it by appellant. There was brought out the fact that a suit was pending at that time on the note.

The issue in that suit was substantially the same as the issue here: "Does Hicks owe appellant, or does appellant owe Hicks?"

Under the circumstances, as shown in the record, the writer does not believe that the cold arm of the law will shut the door to this evidence, when Hicks' lips have been closed by the Grim Reaper.

By way of a pleading in confession and avoidance, appellant, answering Hicks' cross-action, specifically admitted the execution of the written contract relating to the leases, and sought to avoid all liability to Hicks under the contract by certain averments.

Appellant introduced no evidence to support its allegations, made in answer to Hicks' cross-action.

The writer specially concurs in the affirmance of the judgment of the trial court.

### On Motion for Rehearing.

DUNKLIN, Chief Justice.

In Houston E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 537, 97 Am. St. Rep. 877, the following is said:

"A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact, and in another part alleges its existence, the answer cannot be taken to be an admission of such fact. Duncan v. Magette, 25 Tex. [245], 246. Many other rulings of this court affirming this proposition might be cited. But this is true, not because admissions in pleading are not admissible against the party making them, but because a plea in one part denying a fact, and in another part affirming it, cannot, under our statute, be treated as an admission of the fact. Abandoned pleadings, when offered in evidence, should doubtless be construed in the same way, and not be admitted as conceding a fact both affirmed and denied. But this rule has nothing to·do with the admissibility of pleadings in evidence as tending to show a fact which they distinctly allege. If a fact be admitted in the pleadings on which the case is tried, it is, in general, assumed, without other evidence, to be conclusively established for the purposes of the trial," —citing Ogden v. Bossee, 86 Tex. 336, 344, 24 S. W. 798.

See, also, 17 Tex. Jur. § 237, p. 571, and many decisions there cited.

The following announcement in 33 Tex. Jur. § 191, p. 647, is supported by numerous authorities cited: "Since the office of pleadings is to define the issues to be tried, and since pleadings are matter of record as distinguished from matters of evidence, an adversary's pleadings are not required to be introduced in evidence in order to obtain the benefit of any admissions therein. . For the same reasons, what is alleged in the pleadings on which the trial is had is conclusive against the pleader. No controverting evidence may be introduced, for no issue as to that fact is presented. However, if an admission was made by mistake, the pleader is not remediless; he should apply for leave to file an amended pleading."

Caulk v. Anderson, 120 Tex. 253, 37 S. W.(2d) 1008, 1009, was a suit by plaintiff Caulk against Anderson and others as executors and trustees of the estate of George W. Brackenridge, deceased, to recover a fee of $10,000 for medical services rendered decedent. It was alleged in plaintiff's pleadings that George W. Brackenridge had died, leaving a lawful will which had been admitted to probate and in which the defendants were appointed independent executors and trustees of his will. The answer of the defendants was signed by them as independent executors and trustees of the estate of George W. Brackenridge, deceased, and they specially pleaded that the plaintiff had been paid $5,000 with the understanding that the same was in full settlement of his claim against the estate. They further alleged that $1,000 was reasonable compensation for the services for which plaintiff sued, and they sought a recovery over against him for $4,000 excess payment already made. In the disposition of the appeal our Supreme Court said:

"It thus appears that plaintiff in error and defendants in error united in pleading that at the date of the trial the defendants in error were the duly appointed and acting trustees and executors of the probated will of Geo. W. Brackenridge, deceased. The Court of Civil Appeals should not have reversed a judgment for failure to prove a fact admitted by all parties. We have already declared at the present term that the decisions of the Supreme Court 'are conclusive that there 'is no need to prove a fact admitted in pleadings of all parties.' Lafield v. Maryland Casualty Co. [119 Tex. 466] 33 S.W.(2d) 187, 189."

It thus appears that there is a distinction between the question whether or not a pleading is admissible in evidence to establish a fact that is material to some ultimate issue of fact to be determined in the case and the question whether or not proof of that fact becomes unnecessary by reason of an admission made in the pleadings of both parties on which the case is tried, which is a question of law.

The majority concludes that the motion for rehearing should be overruled, and it is so ordered.

LATTIMORE, Justice (dissenting).

The recovery below was on a cross-action by defendant. To that the plaintiff filed what is styled a supplemental petition, but in reality it is wholly an answer to the cross-action. As to that cross-action appellant was a defendant. He filed a general denial, and thereafter pleaded certain other defenses, containing therein an allegation of the fact that the contract sued on by appellee was signed and payments made thereon as alleged by appellee, but that the assignments contracted for thereby were not delivered because appellee failed and refused to request or accept

same, for reasons stated at length in such answer, and it is these facts which appellee seeks to constitute an admission of the appellee's cross-action.

A defendant may plead inconsistent defenses after a general denial, and facts pleaded in one of such defenses may not be taken as an admission of facts elsewhere denied. Houston E. & W. T. R. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Express Printing Co. v. Copeland, 64 Tex. 354; Duncan v. Magette, 25 Tex. 245.

Moreover, conceding the binding force of the admission of the making of the contract and the receiving of a part of the money consideration thereunder, there remains no evidence of the demand of Hicks for an assignment of a part of the acreage or a refusal thereof. This defense was pleaded and nowhere conceded. It is manifest that there must be proof of a demand and refusal. The payments were by various installments. Hicks cannot be said as a matter of law to be presumed to have demanded a pro tanto assignment at each installment payment. The contract was never fully performed by either party. Who first breached it in its incomplete fulfillment is a question of fact.

The only evidence offered is a statement of Hicks made in another trial of a different lawsuit. In that case Hicks was suing for a commission for sale of stocks. He was shown to have been paying money to appellant at the time he was contending appellant owed him and was asked for an explanation. He gave it, saying that he had to pay the money to get certain leases (those involved in this suit) which he had contracted to deliver to certain third parties. That was a proper issue in that case and a proper subject for cross-examination in that case, and therefore his statements to that extent are admissible here. However, thereafter his own attorneys asked him if he ever got the leases from appellant, to which he answered "No," and also that the appellant refused to deliver them. Those two latter statements were wholly foreign to the issue of the commissions then being litigated. They shed no light on why Hicks was paying money to the World Oil Company or any right to commissions. They could have been stricken on objection in that trial. That the opposing counsel did not object ought not to give an additional value to them. Such counsel may have thought it not wise to further impress the jury with such improper testimony, either by objection or cross-examination, which latter, if undertaken, could certainly have been stopped by the trial court. We presume that the lawyers did their duty as officials of the court and did not attempt to go into those controversies foreign to the issues in that trial.

Now at this trial, before us on appeal, Hicks is dead. His statements, foreign to the other case, are a vital issue here. To admit them when he cannot be cross-examined, as made in a case where he was not and should not have been cross-examined as to them, seems to me reversible. The judgment in that case would not be admissible. St. Louis S. W. R. Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832. The issues in that case are not substantially the issues here. Trinity & P. Ry. v. Geary (Tex. Civ. App.) 194 S. W. 458. The fault of the evidence as admitted in former trial is not one of form. It is one of substance, and hence is not within the rule of Sherman Gas & L. Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237.

If the rule of the majority is based on the extremities of appellee, then it is not well founded. This suit was pending for years while Hicks was alive and while he was in a hospital for tuberculosis. His deposition could have been taken and he subjected to cross-examination. It was not done.

Without that evidence the record is barren of evidence of demand by Hicks or refusal by appellant of the assignments of the oil leases.

I believe the judgment of the trial court should be reversed and remanded.