## UNIVERSAL LIFE INS. CO. v. HARDEN.

### No. 2029.

Court of Civil Appeals of Texas. Waco.

May 12, 1938.

Rehearing Denied June 9, 1938.

Callaway & Reed and Frank C. Brooks, all of Dallas, for appellant.

Wright K. Smith, of Dallas, for appellee.

ALEXANDER, Justice.

Lunsford Harden brought this suit against Universal Life Insurance Company to recover on policy.No. 218737 in the sum of $175.00, issued by the defendant on the life of Mrs. Jennie Harden and payable to the plaintiff. The answer of the defendant admitted the issuance of the policy in question and that the same was in force at the time of the death of the insured, but alleged that said policy had been issued on the representation that the insured was only fifty years of age and premiums had been charged accordingly, whereas said insured was in fact approximately fifty-six years of age, and that, as a consequence, the full amount due the beneficiary under said policy was only the sum of $150.00, that being the amount of insurance which the premium paid would have purchased for one who was fifty-six years of age at the time of the issuance of the policy. It was further alleged that after the death of the insured the plaintiff had presented a claim for the amount due under the policy sued on and that the same had been settled in full by the payment to him of the sum of $150.00. The plaintiff contended that the payment of the $150.00 to him by the company was in payment of the company's liability under policy No. 268727, previously issued by the company, and that the policy here sued on was still in full force and effect and had not been settled for. The insurance company contended that policy No. 268727 had lapsed for failure to pay premiums. The jury, in answer to special issues, found that the $150.00 paid by the insurance company to the plaintiff was not paid in settlement of the company's liability under the policy sued on; that the insured was fifty-six years of age at the time the policy was issued; and that $100.00 constituted a reasonable attorney's fee for plaintiff for the prosecution of this suit. Based on the verdict, the court rendered judgment for the plaintiff for the sum of $150.00 due under the policy, $100.00 attorney's fees, and twelve per cent penalty. The defendant appealed.

Appellant's first assignment is that the court erred in refusing to sustain a general demurrer to plaintiff's peti-

tion. This assignment is based on the fact that the plaintiff did not allege that the loss did not come within any of the exceptions listed in the policy. Neither the policy nor a copy thereof was attached to the petition and the petition did not otherwise disclose that the policy provided for any exception under which the company would not be liable in the event of the death of the insured. Under these circumstances, the trial court could not assume that the policy contained any such exceptions and therefore the petition was not subject to a general demurrer merely because of the failure to allege that the loss did not come within any such exceptions. American Ins. Co. of City of New Jersey v. Maddox, Tex.Civ.App., 60 S. W.2d 1074, par. 6; East Texas Fire Ins. Co. v. Dyches, 56 Tex. 565; Lloyds America v. Payne, Tex.Civ.App., 85 S. W.2d 794, par. 1; American Ins. Co. v. Hopkins, Tex.Civ.App., 89 S.W.2d 293, par. 4; Georgia Home Ins. Co. v. Trice, Tex.Civ.App., 70 S.W.2d 356, par. 2; American Ins. Union v. Daines, Tex.Civ. App., 15 S.W.2d 97, par. 1. Moreover, the defendant admitted in its answer that there was due the beneficiary the sum of $150.00 on the policy in question upon the death of the insured, but claimed that the same had been paid. Such answer was on file at the time the demurrer was acted on and the admissions therein could be looked to and taken into consideration in determining whether or not a cause of action was stated. 33 Tex.Jur. 593; Clem Lumber Co. v. Elliott Lumber Co., Tex.Com.App., 254 S.W. 935. The admissions in the defendant's answer cured any defects, if any, in plaintiff's petition.

Likewise, the defendant's admission that the company owed the beneficiary the sum of $150.00 under the policy at the time of the death of the insured relieved the plaintiff of the necessity of proving any of the facts necessary to establish such liability. Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.2d 187, par. 2; Caulk v. Anderson, 120 Tex. 253, 37 S.W.2d 1008, par. 1. The only issue left open for proof was whether or not the insurance company had paid the claim as alleged. There was ample evidence that the $150.00 paid by the insurance company to plaintiff was paid in settlement of the amount claimed under policy No. 268727, and the jury found that same had not been paid in settlement of the policy here sued on.

Appellee's counsel wrote appellant more than thirty days prior to the filing of the suit, demanding payment of the face amount of the policy. This constituted a sufficient demand to authorize the recovery of the statutory penalty and reasonable attorney's fees, as provided by statute. Vernon's Ann.Civ.St. art. 4736. The fee of $100.00, as found by the jury and allowed by the trial court as attorney's fees for plaintiff's counsel, was not excessive in view of the amount of work required in the prosecution of the suit.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.