**NATATORIUM LAUNDRY CO. v.
SAYLORS et al.**

No. 13937.

Court of Civil Appeals of Texas.
Fort Worth.

July 7, 1939.

Rehearing Denied Oct. 6, 1939.

Rawlings & Sayers, Nelson Scurlock,
Thompson & Barwise, Seth Barwise, and

Marion Hicks, all of Fort Worth, for appellant.

Horace E. Moore and Cummings & Johnson, all of Fort Worth, for appellees.

BROWN, Justice.

Appellant, Natatorium Laundry Company, owns and operates a laundry and dry-cleaning business in the City of Fort Worth, and its plant fronts on Hemphill Street and the premises run back, west, to Travis Street. The buildings on the premises come to within a few feet of the property line. There is no marker of any kind which shows where the street line ends and where appellant's property line begins, in the rear.

C. M. Saylors, individually and as next friend of his son, Charles, a lad 10 years old, brought suit against appellant alleging that in the conduct of its business it used naphtha, or other liquid and solid substances which contain naphtha, the exact nature of which was unknown to plaintiff, but which are highly inflammable and explosive and highly dangerous, especially when placed in the possession of a child of immature years and of insufficient discretion to know and appreciate the dangers attendant upon and incident to the use and the attempted use of same by such a child. That Charles Saylors was a child of such tender years and so wanting in knowledge and discretion. That appellant "maintained and kept a barrel, or other container, in and upon and near said Travis Street near the wall of its said laundry building, into which it deposited said naphtha and other liquids and substances and allowed same to accumulate in low places on the ground, after the same had been used in cleaning processes, all of which was highly inflammable, explosive and dangerous, and especially so to children such as plaintiff's said son, and other boys about his age and discretion who had access to the same, and the same was so kept in and upon and near said street as that it became, and was, accessible to such children and other persons who might use said street; that said street at said time and place was a public street, and all of the public, including Charles Saylors, plaintiff's said son, and said other children, had a right to use the same and go upon the same at the time alleged."

These allegations are followed by further pleading that the Saylors boy and other boys of about his age and discretion had obtained the dangerous substance from the defendant's premises "with the full knowledge, consent and acquiescence of the defendant, its agents and servants, and without objection from defendant and its agents"; that the Saylors boy carried same away for the purpose of cleaning a toy, and in carrying same to his home spilled some of the substance upon his trousers; and that on the same day two Shockley boys, who were neighbors to the Saylors boy, had obtained possession of the said substance from the barrel at or near defendant's plant, and had built a fire; that the Saylors child, who was one of the group of children, was standing near the fire when one of the Shockley boys poured or threw some of the substance on the fire, causing it to suddenly flash and flare and leap toward the said Charles Saylors, his clothing was ignited and he was burned and injured as herein alleged.

Plaintiff's pleading in part relies upon allegations to the effect that the dangerous substance which was spilled on the child's trousers was still on same when he was burned.

In his pleading, to raise the question of a duty resting upon the defendant, the plaintiff alleged: "That at the time and place alleged, the legal duty rested upon the defendant and its agents and servants, to so place and keep said naphtha and other inflammable, explosive and dangerous liquids and substances as that same would not and could not be accessible to children, such as plaintiff's son was and such as other boys, including said Shockley boys, were. And it was its duty to refuse to permit or allow them, or any one of them, to have possession of such dangerous agency, and to prevent them from taking same into their possession; and the further duty rested upon it to keep the same at some other place than in and upon and near a public street on which it knew that plaintiff's said son and such other boys had a right to go, and upon which it knew he and they were at the time herein alleged. And it was the duty of defendant to exercise ordinary care to so place such liquids and substances as that they would not be accessible to children in the lawful use of Travis Street."

The further allegations were made that the defendant and its agents and servants were guilty of negligence in placing and keeping such substances in the manner and in the place which they did and in per-

mitting and allowing the Saylors boy and the other boys to have possession of same and to carry same away from the premises, and in failing to prevent them from doing so.

The defendant specially pleaded that the Saylors boy failed to exercise ordinary care for his own safety, in that he negligently and carelessly secured some of the fluid from defendant without its permission, and carelessly and negligently permitted some of it to spill on his clothes; that he knew and appreciated the fact that such fluid was of an inflammable nature, and that it was dangerous and hazardous to use such fluid in and around open fires; and that he was negligent in playing about a fire where naphtha was being used, for the reason that he knew that naphtha was used to start fires and he further knew that naphtha, when placed on a fire, would flame up and ignite easily, and was therefore hazardous and likely to burn or injure him; that he was negligent, because of his said knowledge, in not informing his playmates of the inflammability of such fluid, and that he or some one else might become injured by the use of such fluid in connection with an open fire; and that it was dangerous to throw the fluid on the fire, or to build a fire with it; and that he was negligent in standing too close to the fire.

The defendant further alleged that the Saylors boy was burned through the negligent act of the Shockley boy, who threw the substance on the fire, and that defendant was not responsible for such act, which brought about the injuries to the Saylors boy. And that the parents of the Saylors boy failed to exercise ordinary care to see that their son did not take and use the fluid, and that he did not play with fire; that the parents knew that their son "had been taking fluid and other property belonging to said defendant and knew that said Charles Saylors had been playing with fire;" that such negligence was the proximate cause of the boy's burns.

The cause being tried to a jury, the following findings were made: (1) That the defendant kept naphtha or other liquid or solid substances which were inflammable, explosive and highly dangerous in containers accessible and attractive to children who might be on its premises or near its premises; (2) that the act of defendant in leaving its containers with such substance therein, in the place where same was left,

was negligence; (3) that such negligence was a proximate cause of the boy's injuries; (4) that the Saylors boy took some of the liquid, inquired about, from the defendant's container; (5) that the defendant was negligent in permitting the substance to be at the place and in the position where same was, when taken by the boy; (6) that such negligence was a proximate cause of the boy's injuries; (7) that in carrying same away the boy spilled some of the substance on his trousers; (8) that while standing near a fire which had been lighted on a lot adjacent to his home, the Saylors boy's trousers were not ignited solely by reason of the liquid being on them; (9) that his trousers would not have become ignited if the liquid had not been spilled thereon; (10) that the presence of the liquid on his trousers was a proximate cause of his injuries; (11) that when the Saylors boy took the liquid he knew it "was inflammable, explosive, dangerous"; (12) that he was not guilty of negligence in taking the liquid from defendant's premises; (13) that he was not guilty of negligence in spilling some of the liquid on his trousers; (14) that while the Saylors boy was standing near the fire one of the Shockley boys threw an inflammable and dangerous substance on the fire; (15) that such substance, so thrown, had been theretofore taken by the Shockley boy from containers in which it was kept on the premises of defendant; (16) that the substance, so thrown, caused the fire to flare and blaze up and ignite the Saylors boy's trousers; (17) "Do you find from a preponderance of the evidence that the trousers of Charles Saylors would not have become ignited at said time if the substance inquired about in the preceding question had not been thrown into said fire by T. A. Shockley, if you have found it was so thrown?" A. "No"; (18) that the Saylors boy knew that the Shockley boy was about to throw the substance on the fire; (19) that he knew the substance was inflammable but did not know it was highly dangerous; (20) that the Shockley boy knew it was inflammable but did not know it was highly dangerous; (21) that the Saylors boy was not negligent in standing near the fire; (22) that it was not an unavoidable accident; (23) that the conduct of the Shockley boy in throwing the liquid upon the fire at the time was not a new and independent cause of the injuries sustained by the Saylors boy; (24) that the said conduct of the Shockley boy was

not the sole proximate cause of the Saylors boy's injuries; (25) that the parents of the Saylors boy were not guilty of negligence; damages awarded to the boy were fixed at $5,000, and for the father at $100.

Motion for a new trial being overruled, the defendant has appealed.

Appellant presents seven propositions for consideration.

The first contention is that the trial court erred in refusing appellant's motion for a peremptory instruction, because, it is asserted, the undisputed evidence showed that Charles Saylors and T. A. Shockley were trespassers upon appellant's property, and the pleadings failed to allege, or the evidence to show, that the barrels containing naphtha constituted an attractive nuisance, and implied invitation to said boys to trespass on appellant's property and remove the contents of the barrels, which pleadings and evidence were necessary to allege and prove a cause of action and to support the findings of the jury and judgment of the court thereon.

The plaintiff both alleged and proved that appellant kept this highly explosive and dangerous substance, exposed and unguarded, in the rear of its premises adjacent to a public street, and on ground that was habitually used as a part of such public street; that the substance was accessible to children who used the street; that these children, and others, for some time prior to the injury to the Saylors boy, had gone upon the street and obtained possession of the dangerous substance. It was further alleged that it was the duty of the appellant to exercise ordinary care to so place the dangerous substance that it would not be accessible to children who lawfully used the said street.

It was further alleged that the Saylors child obtained the dangerous substance for the purpose of cleaning the wheels on a toy.

It was further alleged that the Saylors boy was a child of tender years (being only ten years old) who was "of immature and insufficient discretion to know and appreciate the dangers attendant upon and incident to the use and possession of such inflammable and explosive liquids and substances then and there in use by the defendant and kept by it at and near said plant and in and upon and near said Travis Street adjacent to said laundry plant."

We do not understand that it is incumbent upon a litigant to allege that some certain thing constitutes "an attractive nuisance". To so allege, without alleging facts making it an attractive nuisance, would amount to nothing more than a conclusion of the pleader.

It is our understanding that, when facts are alleged which show a thing to be an attractive nuisance, it is not necessary to call it such.

So far as alleging and proving an implied invitation to these boys to trespass upon the premises and remove the dangerous contents of the barrels is concerned, we are confronted with the action of the Supreme Court in granting a writ in the recent case of Henwood, Trustee, v. Vanover, et al., Tex.Civ.App., 126 S.W.2d 1036, 1040.

We saw fit to reverse and remand that case, and said: "But there was no finding by the jury in the case at bar to sustain the allegation in plaintiff's petition that for some time prior to the accident in question, the push car had been habitually used for play in defendant's yards by children of tender years, with the knowledge and consent of the defendant, and thus to make Melvin Vanover an invitee so to use it, with the ensuing duty of the defendant to exercise ordinary care for his safety."

Our Supreme Court granted the writ on an assignment of error which asserts: "The Court of Civil Appeals erred in reversing and remanding this case and in thereby holding that in order to constitute a child an invitee upon the premises of the defendant under the attractive nuisance doctrine, it was necessary that the jury find that children of tender years had for some time prior thereto played upon the car in question with the knowledge and consent of the defendant, because it need only be shown in order to establish a right of recovery that the defendants should have reasonably anticipated, under the circumstances, that children of tender years and immature judgment would be attracted thereto and play thereupon."

In our desire not to appear too liberal we have evidently fallen into error, and we anticipate that our Supreme Court will so hold, when the Vanover case is reached.

To sum it up, it seems but just and right for the first child, of immature years and lacking in discretion, who uses the

dangerous instrumentality and who is injured thereby, to recover damages, if the defendant should have reasonably anticipated, under the circumstances, that children of tender years and immature judgment would be attracted thereto.

■ All children love to play with fire and explosives and with machinery that moves and with instrumentalities on which they can ride. This is "born in" every normal child, and every normal adult is aware of the fact.

In the case at bar, it was alleged and established by evidence that children had been taking this dangerous substance from the appellant's exposed and unguarded barrels for some time prior to the occasion on which the Saylors boy was burned, and that he was burned by the indiscreet use of the substance through the act of another child, who had obtained it from the same place.

We think the plaintiff's pleadings are sufficient and that the evidence raised issues of fact for the jury and we cannot see how the trial court could have been justified in instructing the jury peremptorily for appellant.

The assignments of error upon which the first proposition is bottomed are overruled.

■ The second proposition is bottomed on the same assignments of error to which the first proposition is asserted to be germane. This proposition is: "The trial court committed reversible error because it, in submitting Special Issue One upon a theory of attractive nuisance, submitted an issue which had no basis in the pleadings or in the evidence." What we have said in connection with the first proposition disposes of the second.

This court, in the case of Johns v. Ft. Worth Power & Light Co., Tex.Civ.App., 30 S.W.2d 549, writ refused, cited many authorities which support our views. See, also, Gerneth et ux. v. Galbraith-Foxworth Lbr. Co., Tex.Com.App., 36 S.W.2d 191, opinion by Mr. Justice Critz.

■ The third proposition is: "The trial court erred in refusing appellant's motion for an instructed verdict, because the act of T. A. Shockley (a small boy) in throwing the naphtha on the fire, when he knew the inflammable nature of the naphtha, was a new, independent, efficient and intervening cause, or the sole proximate cause of the injuries suffered by Charles Saylors, and thus the negligence, if any, of appellant, was not a proximate cause of the injuries to Charles Saylors."

We do not understand that in order for the Saylors boy to recover he must have injured himself by his use of this dangerous agency.

As is shown supra in our statement of the case, the jury, on the facts adduced, has found against appellant's contention, but appellant is here asking this Court to find as a matter of law that the act of the Shockley child was a "new, independent, efficient and intervening cause, or the sole proximate cause" of the injuries suffered by the Saylors child. This we cannot do, under the facts of this case. The act of the Shockley child was but a concurring cause. It was not in any sense independent of the negligence of the appellant, and was so established by the jury. It concurred with such negligence and produced the injuries of which complaint is made, and it was an act which should have been reasonably anticipated by the appellant. The jury so found.

The charge is full, accurate and complete and protected the defendant as fully as the evidence justified.

Such cases as Vilbig & Co. v. Lucas et al., Tex.Civ.App., 23 S.W.2d 516, writ dismissed; City of Lubbock v. Bagwell, Tex. Civ.App., 206 S.W. 371, writ refused; Shippers Compress & Warehouse Co. v. Davidson, 35 Tex.Civ.App. 558, 80 S.W. 1032, writ refused; Texas Co. v. Blackstock, Tex.Civ.App., 21 S.W.2d 13, writ dismissed; Gonzales v. Galveston, 84 Tex. 3, 19 S.W. 284, 31 Am.St.Rep. 17; and Gulf, C. & S. F. R. Co. v. Ballew, Tex. Com.App., 66 S.W.2d 659, appear to abundantly support the view we take of this case.

The fourth proposition is so close akin to the third we will not quote it.

■ The fifth proposition contends that the trial court erred in not giving a peremptory instruction for the defendant, because "the undisputed evidence shows that Charles Saylors knew and appreciated the dangerous position in which he voluntarily placed himself; and further, because no evidence was introduced to show that Charles Saylors was so wanting in age, experience or mental faculties, that he did not know or appreciate the position of danger to which he willingly exposed himself, for which reasons, separately and together,

Charles Saylors is in the position of an adult and chargeable with contributory negligence as a matter of law, in like manner as an adult."

We do not so view the facts, as disclosed by the record.

Here we have a ten year old child and the testimony before a jury, which raise the question of the ability of this child to understand and appreciate the danger to which he was exposed. We do not understand that, in order for a recovery to be had, it was the duty of the plaintiff to prove that this child was not a normal child in mind, or body. It is our understanding that where the evidence raises an issue of fact, as it does in this case, it is a matter for the jury to decide.

The sixth proposition is so close akin to the fifth that we will not quote it.

We do not think it necessary to cite authorities in support of our view that these propositions are not well taken.

■ The seventh proposition urges that "the trial court committed reversible error in submitting special issues 8, 9 and 10, for the reason that it was guilty of a comment upon the weight of the evidence to the effect that Charles Saylors had naphtha or liquid on his trousers at the time of the fire resulting in his injuries, which fact was unsupported by any evidence."

Issue No. 8 immediately follows Issue No. 7, and the jury found by Issue 7 that the Saylors child spilled some of the liquid or substance on his trousers. Therefore Issue No. 8 cannot be said to be on the weight of the evidence "because it assumes" that such substance was spilled on the child's trousers; and the same may be said of Issue No. 9, which specifically provides if the jury has found that same was so spilled; and a like answer follows as to Issue 10.

■ But a review of the record shows that no objection was made to any of these issues except No. 8, and these objections, as related to the proposition before us (23rd and 24th assignments of error) state: That No. 8 is "on the weight of the evidence and indicates to the jury that the court is of the opinion that Charles Saylors had liquid on his trousers at the time the fire occurred in the evening about 4:30 or 5:00 o'clock on January 27th, 1936, when there is absolutely no evidence to the effect that his trousers had any liquid or any other substance on them at that time

which might cause or contribute to cause his trousers to catch fire;" and "because there is no competent testimony in the case showing or tending to show that any naphtha or any other substance which the plaintiff might have secured from the defendant's plant was present on his trousers, either in liquid or in vapor form, or in any other manner at the time and occasion of the fire." And appellant continues the assignment of error by saying (in substance) that the only testimony on the issue is that the child, around 1 o'clock, on the day of the accident, secured a liquid, which was referred to throughout the trial as naphtha, from defendant's plant and spilled some of it on his trousers as he carried it home, but that the record is silent on the question of whether or not naphtha or whatever substance the plaintiff so took was capable of remaining on his clothes in a volatile or inflammable form for the period of time intervening. That no yard stick or guide or rule was given the jury upon which an intelligent answer could be made by the jury, and they were left to surmise and conjecture, or to exercise their own judgment and observation, thereby casting upon the defendant a greater burden than the law contemplates.

We find that the defendant specially pleaded contributory negligence on the part of the Saylors boy, in that he "negligently and carelessly secured some fluid from the defendant without securing permission to get such fluid; that he carelessly and negligently permitted some of it to spill on his clothes", and further alleged that, with his knowledge of the nature of such fluid, such acts constituted contributory negligence on the part of the boy.

We find that the plaintiff pleaded and relied upon these same facts—the obtaining of such substance from the defendant's plant, and the spilling of same on the boy's trousers—as a part of the facts on which the right of recovery is predicated.

Thus we find that both parties pleaded the fact which the appellant here says was "assumed to exist" by the trial court.

On motion for rehearing, in the case of Campbell, Receiver v. Hicks, Tex.Civ.App., 83 S.W.2d 1013, writ dismissed, Mr. Chief Justice Dunklin, speaking for this court, cites Vol. 33, Tex.Jur., para. 191, p. 647, and the decisions there cited, as well as the Supreme Court cases of Caulk v. An-

derson, 120 Tex. 253, 37 S.W.2d 1008, and Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.2d 187.

Assuredly, under these well considered decisions, when both parties pleaded the fact which is asserted was "assumed to exist" and evidence was introduced establishing the fact—which evidence no witness sought to contradict—there could be no error even in assuming that the fact so pleaded existed.

The facts thus pleaded by the parties were submitted to the jury in issues covering both the negligence of the defendant and the contributory negligence of the minor plaintiff. We also cite para. 188, page 643, of Vol. 33, Tex.Jur.

We find no reversible error in the record and the judgment of the trial court is affirmed.