### MARYLAND CASUALTY CO. v. LEE.

#### No. 11408.

Court of Civil Appeals of Texas.  Galveston.

May 21, 1942.

Rehearing Denied June 11, 1942.

136

C. L. Odell, Jr., of Houston, for appellant.

Glenn Faver, of Jasper, and Barnes & Barnes, of Beaumont, for appellee.

CODY, Justice.

This is a compensation suit brought by the wife of Robert Lee, as his sole death-beneficiary, against appellant, the compensation insurance carrier for James Kennedy, employer of Robert Lee, to recover compensation for his death on February 5, 1941, resulting from injuries sustained in the course of his employment on December 11, 1936.

By pre-trial admissions, the issues to be tried were reduced to three: 1, cause of the employee's death; 2, whether death was due to disease; and 3, the lump sum question. Upon the jury's verdict on these issues the court rendered judgment for appellee in the lump sum of $3,048.23. The basis for calculating the amount of the judgment is these admitted facts:

Following the employee's injury in 1936, appellant paid him $168.30, representing compensation at the rate of $9.90 per week for 17 weeks; and appellant paid said employee and his attorneys $247.29 representing compensation for 94 weeks at $2.-47½ a week: aggregation $232.65 past due payments and interest thereon in the sum of $14.64; thereafter, and beginning on January 27, 1939, up to and including January 30, 1941, appellant paid the injured employee and his attorneys, the sum of $3 per week. That the average weekly wage of the employee at the time of his injury was $16.50, with the consequent weekly compensation at $9.90 per week. The rate of pay during the employee's life for partial incapacity was $3 per week. The agreed compensation rate for death or for total compensation was $9.90; so, judgment was rendered for appellee, the wife of deceased employee, for 360 weeks' compensation at the rate of $9.90, less $3 per week, during the period of partial incapacity up until the time of death of Robert Lee, less the 17 weeks total incapacity paid.

To reverse the judgment the appellant relies upon these points:

Point 1. That the death-beneficiary was entitled to recover compensation for 360 weeks, less the period of time which the employee lived and was paid compensation (i.e., that the amount she is entitled to is not calculated by the amount of the death benefit, less the amount paid to the employee while he lived).

Point 2. In calculating the amount of the judgment, the death-beneficiary was not entitled to include interest from the date of the injury, but only from the date of the employee's death.

Point 3. The testimony of the deceased employee, in the trial of a suit brought by him for compensation which resulted in a mistrial, should not have been admitted since it did not arise out of a suit involving substantially the same parties or their privies, and did not involve substantially the same issues.

In Oilmen's Reciprocal Ass'n v. Coe, Tex.Civ.App., 29 S.W.2d 430, writ refused, the facts were that following the injury to an employee the insurance company made a lump sum settlement with him. The employee thereafter died from his injuries, and his wife, as death-beneficiary, sued. The court held: " * * * the amount to which the beneficiary is entitled under the Workmen's Compensation Law on the death of the employee, with whom a lump sum settlement has been made prior to his death, is arrived at by deducting the amount actually paid to the employee from the maximum amount recoverable by the beneficiary for the death of the employee." In support of this holding were cited Texas Employers' Ins. Ass'n v. Morgan, Tex.Com.App., 295 S.W. 588, and Oilmen's Reciprocal Ass'n v. Coe, Tex. Civ.App., 6 S.W.2d 1046. Since, in the instant case, the judgment was for the difference between the compensation which had been paid the employee and the maximum amount recoverable by the beneficiary for the death of the employee, such judgment is correct. This holding is in conflict with Texas Employers Ins. Ass'n v. Watkins, Tex.Civ.App., 135 S.W.2d 296, on this point. No good purpose would be served to extend the length of this opinion to show why we consider the Watkins case in error on this point, but merely call attention to the fact that no writ was applied for therein, and one was refused in the Coe case, supra.

We sustain appellant's second point to the effect that interest should have been calculated on the compensation which appellee was entitled to recover, from the date of the employee's death, and not from

the date of the accident. The Supreme Court, through its Commission, said in Swain v. Standard Acc. Ins. Co., 130 Tex. 277, 109 S.W.2d 750, 751: "It is now settled that liability to the employee as such ceases with his death * * *. Where death results from the injury, a new cause of action arises in favor of his beneficiaries, distinct, however, from the former, and which must be begun in the manner provided by statute." (Authorities) In Traders & General Ins. Co. v. Baldwin, 125 Tex. 577, 84 S.W.2d 439, 441, in speaking of the liability of the insurance carrier to the death-beneficiary after the employee had died, the court quoted with approval "The liability of the association was of the nature of a debt, and the right of Minnie Sanders [the death-beneficiary] was that of a creditor in such a debt." In this case appellant did not become indebted to appellee for any sum until her husband died. The obligation to pay interest cannot arise until there is a debt, an obligation to pay principal. Any sum required to be paid in the absence of an obligation is a penalty, not interest: interest is calculated upon a principal sum which is owing, until there is a principal sum there can be no interest. We believe no authority is necessary to support this elementary proposition.

We overrule appellant's third point, relative to the admission of the testimony of the deceased employee in a suit brought by himself. The general rule is that testimony of a witness on a former trial between the same parties or their privies, involving substantially the same issues, where there was an opportunity to cross-examine him may be reproduced on another trial if the witness has since died. Campbell v. Hicks, Tex.Civ.App., 83 S.W. 2d 1013, 1016. While it is settled that the cause of action of the death-beneficiary is separate and distinct from that of the injured employee, yet they are closely related. In Maryland Casualty Co. v. Stevens, Tex.Civ.App., 55 S.W.2d 149, 151, writ refused, and which was quoted with approval in the Baldwin case, supra, it was said the only practical difference is that the employee's individual cause of action covers the full extent of the injury except his death, and the cause of action of the beneficiaries is for death only. Appellant states that the testimony which was introduced related to employee's physical condition subsequent to the injury and up to the time of the trial in February, 1938. In the former case the issue was the extent of the employee's injuries, short of death. In the present case the issue was, were his injuries so extensive as to cause death. In both cases the issue was the severity of the injuries. Greenleaf on Evidence, 16th Ed., Vol., p. 276, par. 163-A, says: "Furthermore, there is not an adequate opportunity of cross-examination unless on the former occasion of litigation the issues and the parties were substantially the same as in the present case. As to the issues, the material inquiry is whether the present topic was then a subject of investigation; e.g., if the then litigation concerned Blackacre and the present litigation concerns Whiteacre, but the controversy in both is whether John Doe is Richard Roe's heir, the rule is satisfied, but, if, though the same act of taking is involved, the charge in one case is larceny of a horse, and in the other larceny of a weapon, the rule might not be regarded as satisfied. *The application of the principle will depend chiefly on the circumstances of each case."* Quoted in the Campbell case, supra [83 S. W.2d 1016] (Emphasis ours). As the principal inquiry in both cases was the severity of the employee's injuries, appellant had full opportunity for cross-examination. The reason for the rule is therefore fully satisfied. Besides, there is as near an approach to identity in the two causes of action as is possible in causes which are separate. We are unable to see how injury could result to appellant from the introduction of such evidence. Furthermore, appellee being the community partner of the employee, was a partner at interest in the former suit. It seems to us that it would be too technical to exclude the evidence, and that it was not an abuse of the court's discretion to admit it. Under the same state of facts, in Texas Employers Ins. Ass'n v. Burnett, Tex.Civ.App., 77 S. W.2d 742, 746, such evidence was ruled admissible, and while such case was reversed and rendered because the cause of death was typhoid fever, the Supreme Court did not pass on this point, so the ruling remains persuasive. We overrule appellant's third point.

The judgment of the trial court should be reformed by eliminating therefrom any interest which is included therein as having accrued prior to February 5, 1941, the

138

date of the employee's death, and as so reformed the judgment should be affirmed.

Reformed and affirmed.

On Motions for Rehearing.

Both parties have filed motions for rehearing in this cause.

In its motion for rehearing appellant makes the unqualified statement that appellee did not marry the deceased employee until October 2, 1937, following the accident which occurred on December 11, 1936, and appellee makes no denial. We therefore find such fact to be as so stated. We withdraw our holding to the effect that appellee was a party at interest in the suit brought by her husband (the deceased employee). However, notwithstanding such withdrawal, for the other reasons stated by us in our former opinion it was not error to admit the testimony of the deceased employee given in the suit which he had brought for himself. Appellant's motion for rehearing will be refused.

We have also carefully considered appellee's motion for rehearing and finding no merit therein the same will also be refused.

Motions of appellant and appellee for rehearing refused.