TRADERS & GENERAL INSURANCE COMPANY V. E. E. BALDWIN.

No. 6355. Decided June 19, 1935.
Rehearing overruled July 17, 1935.
84 S. W., 2d Series, 439.

W. T. *Davis*, of San Augustine, and *Lightfoot & Robertson*, of Fort Worth, for plaintiff in error.

Under the Workmen's Compensation Laws of this State, where an employee is injured in the course of his employment, and is totally or partially incapacitated thereby, and later dies as the result of such injury, the compensation provided by law, payable to the insured employee during such period of incapacity belongs to him, and such as has matured during his lifetime becomes a vested right in him and upon his death survives to his legal heirs instead of to his legal beneficiaries. Maryland Cas. Co. v. Stevens, 55 S. W. (2d) 149, writ of error refused; Phoenix Lumber Co. v. Houston Water Co., 94 Texas, 456; Federal Sur. Co. v. Pitts, 119 Texas, 330, 29 S. W. (2d) 1046.

Under the Workmen's Compensation Law of Texas, no court can acquire jurisdiction to adjudicate the claim for compensation by an injured employee, or his legal beneficiaries, unless it is both alleged and proven that the claim had first been presented to the Industrial Accident Board and it had made a final decision and award thereon. Hood v. Texas Emp. Ins. Assn., 260 S. W., 243; Texas Emp. Ins. Assn. v. Morgan, 295 S. W., 588; Georgia Cas. Co. v. Ward, 220 S. W., 380.

*Collins & Fairchild*, of Lufkin, for defendant in error.

*E. B. Colgin*, of Houston, filed brief as amicus curiae.

MR. JUDGE TAYLOR delivered the opinion for the Commission of Appeals, Section B.

E. E. Baldwin was an employe of the Kurth-Zeagler Lumber Company. The Lumber Company was a subscriber under the Workmen's Compensation Act. Traders & General Insurance Company was the insurer. On January 24, 1930, Baldwin, while in the course of his employment, sustained injury which

resulted in his permanent total disability. He duly filed his claim for compensation with the Industrial Accident Board. Being unwilling to abide with the decision of the board he filed suit in due time against the insurance company for compensation for a period of 401 weeks, with prayer for a lump sum recovery. The suit was filed August 25, 1930. While suit was pending, Baldwin died. At that time a sufficient period from the date of injury had elapsed for 50 weekly payments of compensation to have accrued to him.

The deceased left surviving him as heirs at law, his wife, Margaret Baldwin, two adult sons, Elmer and Nathan, and three minor sons, George, Earl and Eugene. By an amended petition the surviving heirs and legal beneficiaries filed a suggestion of Baldwin's death, and by leave of the court substituted themselves as plaintiffs to continue prosecution of the pending suit for compensation. Subsequently a second amended petition was filed. The allegations are not clear as to whether recovery is sought as legal beneficiaries, or whether recovery is sought on behalf of both heirs at law and legal beneficiaries. There is no allegation that Baldwin's estate owed no debts at the time of his decease. Recovery of compensation for 360 weeks is prayed for, but recovery under the rights of the heirs at law is sought also. In the testimony the adult heirs express desire to waive their rights in favor of the legal beneficiaries. Only the jurisdictional facts originally alleged by the deceased are alleged by the heirs and legal beneficiaries in the last amendment.

The parties upon the trial entered into an agreement that Traders & General Insurance Company had in force a Workmen's Compensation insurance policy on the employes of Kurth-Zeagler Lumber Company on or about January 24, 1930, written under the terms and provisions of the Workmen's Compensation Act, conditioned to pay to the insured employes of Kurth-Zeagler Lumber Company such compensation as is provided by the act. The evidence is undisputed that a claim for compensation was filed with the Industrial Accident Board by E. E. Baldwin within a period of six months after sustaining said injury and that the board made and entered a final award on said clam; and that within 20 days after its entry, due notice was given by Baldwin that he did not abide the ruling of the board, but would file suit to set the same aside; and that within 20 days after giving such notice, filed this suit. Upon trial of the case judgment was entered against plaintiff in error Indemnity Company in favor of Margaret Baldwin and

the three minor sons, defendants in error, for compensation for a period of 360 weeks at the rate of $14.85 per week payable in a lump sum. The Court of Civil Appeals affirmed the judgment. 50 S. W. (2d) 863.

1 The question first to be considered is whether upon Baldwin's death the compensation, if any, which had accrued up to the time of his death, survived and passed to his legal heirs. Article 8306, Sec. 8, provides that if death results from injury of the employe sustained in the course of his employment, the association shall pay the legal beneficiaries of the deceased employe a weekly payment for a period of 360 weeks from the date of the injury. Section 8a provides that the compensation referred to is for the sole and exclusive benefit of the surviving husband or wife and the minor children, parents and step-mother, without regard to the question of dependency, dependent grandparents, dependent children, and dependent brothers and sisters of the deceased employe. The persons referrd to are the legal bneficiaries designated by the act as recipients of the compensation provided in case of death as a result of the injury. It is further provided by Section 8a that such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to the beneficiary; and that their right thereto shall, upon deceased's death, become a complete, absolute and vested one. The act makes no such specific provision for the disposition of the compensation provided as a benefit for the injured employe upon his incapacity as a result of the injury. It is provided however that such compensation shall be paid to the injured employe. Article 8306, Secs. 10 and 11. Section 16 provides that "in all cases of injury resulting in death * * * cause of action shall survive." Causes of action for only two classes of compensation are created by the terms of the act on the basis of to whom payable; to-wit, that payable to the employe arising between the date of the injury and death, and that payable to the legal beneficiaries as a result of death. The latter arises upon the employe's death. Sec. 8. The former survives after the employe's death. The provisions of the act referred to indicate that the legislative intention was to confine the injured employe's interest to such part of the award as accrues within his lifetime; and while naming no legal beneficiary to whom such compensation passes, it provides for the survival of the cause of action for its recovery. Sec. 16, supra. In the absence of a provision in the act stating to whom it descends, it passes upon his death to his heirs at law.

The position of the injured employe in so far as the question of to whom his right to compensation passes upon his death is the same as that of the legal beneficiaries designated in section 8a. The act is silent in both instances. It has been settled, however, that upon the death of a legal benefiiciary under the act, other than the injured employe himself, the compensation passes upon his death to his estate. Moore v. Lumbermen's Reciprocal Association, 258 S. W., 1051. In that case Pete Sanders was killed in the course of his employment, and compensation was awarded to his wife, Minnie Sanders. Before the full amount was paid to her she died. Judge Hamilton, speaking for the Commission, said:

"We think the statute created a liability upon the association immediately upon the death of Pete Sanders for the payment, according to the terms of the statute, and a right in Minnie Sanders to that payment. The liability of the association was of the nature of a debt, and the right of Minnie Sanders was that of a creditor in such debt * * *. Being such it became a vested right transmissible to the heir of Minnie Sanders."

In Texas Employers Insurance Association v. Lawrence, 14 S. W. (2d) 949, death resulted to the injured employe from an explosion. His wife died from the effects of the explosion. The injured employe was survived by his wife by one day. It was held by the Court of Civil Appeals (writ of error refused) that upon the death of the injured employe, a vested right to compensation accruing by virtue of his death immediately passed to the surviving wife as a legal beneficiary; and that upon her death, the right passed under the laws of descent and distribution to her heirs. The principle recognized in the cases discussed is thus stated in 28 R. C. L., 782, sec. 75, in its discussion of the survivorship of the right to compensation: "The administratrix, however, is entitled to any installments of compensation which were due, but unpaid at the time of the death of the dependent."

The principle under discussion was applied and extended in Federal Surety Co. v. Pitts, 119 Texas, 330, 29 S. W. (2d) 1049, in answer to a certified question.

That the legislative intent with respect to the character of right created by act in favor of the employe is similar to that created in favor of his legal beneficiaries upon his death, appears in Maryland Casualty Company v. Stephens, 55 S. W. (2d) 149. In that case Stephens sustained a general injury. He settled his claim on December 12, by compromise agree-

ment for $275.00, which was paid and a full release executed and delivered by him. On February 7, following Stephens died. His surviving wife and his minor children presented to the Industrial Accident Board a claim for compensation insurance on the ground that Stephen's death resulted from his injury. In that case (writ of error denied) the court says: "The Workmen's Compensation law, in no uncertain terms, creates a cause of action for compensation insurance in favor of the legal beneficiaries of deceased employe for the death of the employe. That cause of action for all practical purposes, is separate and distinct from the cause of action for compensation which the same statute just as certainly creates in favor of the injured employe * * *. The only practical difference is that the employe's individual cause of action covers the full extent of the injury, except his death, and the cause of action of the beneficiaries is for death only. Notwithstanding the near approach of the identities of these two causes of action, they are so distinct that the employe can, by no act or deed, release or execute the cause of action belonging to the legal beneficiaries." To the same effect is the holding in Western Indemnity Co. v. State Industrial Commission, 96 Okla., 100, 219 Pac., 147, 29 A. L. R., 1419, in which the Supreme Court of Oklahoma held that the administrator of an employe who died pending an appeal of his case was entitled to that portion of the compensation which accrued from the time of the injury to the time of the employe's death.

It follows from what has been stated that the cause of action for the compensation, if any, which had accrued up to the time of Baldwin's death, survived, and passed to his heirs at law, the plaintiffs in this case.

2 The heirs were properly substituted in the trial court to continue the prosecution of the claim which was pending in the trial court at the time of Baldwin's death. If there were no debts it was not necessary that administration of his estate should have been had prior to substituting these heirs. Probably due to the unsettled condition of the law relating to the matter of survivorship of the cause of action sued upon by Baldwin, the allegations with respect to this branch of this case are not clear and logical, and should be clarified.

3 The trial court was in error in permitting a substitution of the widow and minor children of Baldwin in their respective capacities as legal beneficiaries to prosecute in the pending suit as a part of Baldwin's cause of action, the cause of action which

arose (not survived) in their favor for compensation upon his death. It is as necessary for a claim for such compensation to be first filed with the Industrial Accident Board, as it was for Baldwin's claim to be so filed. Such a claim of course, had not been filed. No award has been made by the board upon their claim, nor has the board passed upon the merit of such a claim. Section 5 of Art. 8307, provides that "All questions arising under this law if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided be determined by the Board." The right of recovery upon this cause of action as well as upon the first, is purely statutory. Both the cause of action and the remedy for its enforcement are derived exclusively from the statute. Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084. See also Benjamin Swain et ux v. Standard Accident Insurance Co., 81 S. W. (2d) 258, writ of error this day refused.

Plaintiff in error complains of the admission by the court of certain testimony given by the heirs at law, on the ground that such testimony constitutes transactions with the deceased, and is inhibited by Article 3716, R. S., 1925. The testimony complained of was given by Elmer and Nathan Baldwin, and Mrs. Baldwin. It relates to conversations of the parties respectively with the deceased after his injury touching his complaints and condition; and was such that deceased, had he been living, could have affirmed or denied. We think it comes within that class of testimony inhibited by the statute invoked. Rev. Stat., Art., 3716; International Travelers' Ass'n. v. Bettis, 3 S. W. (2d) 478; Id., 120 Texas, 67, 35 S. W. (2d) 1040; Leahy v. Timon, 110 Texas, 73, 215 S. W., 951; Spencer v. Schell, 107 Texas, 44, 173 S. W., 867, 868; Parks v. Caudle, 58 Texas, 221; Huff v. Huff, 72 S. W. (2d) 675. The Court of Civil Appeals overruled the assignment raising the question, on the ground that the witnesses were not within the purview of the statute, being legal beneficiaries designated by the Workmen's Compensation Act, and not heirs. On another trial of that branch of the case in which recovery is sought by the heirs at law for compensation which had accrued at the time of Baldwin's death, the testimony should not be admitted. We approve the holding of the Court of Civil Appeals upon the eighth proposition, which relates to the admission of certain self serving declarations. As stated by the Court, substantially the same testimony as that complained of was received without objection.

That part of the judgment of the Court of Civil Appeals affirming the trial court's judgment in so far as it relates to the suit filed by Baldwin for the compensation alleged to have accrued to him, and in which the heirs at law were substituted, is reversed and remanded. The suit in so far as Mrs. Baldwin and her three minor children seek recovery as legal beneficiaries on account of the injury alleged to have resulted in Baldwin's death is dismissed without prejudice to their rights, if any, in the premises.

Opinion adopted by Supreme Court June 19, 1935.

Rehearing overruled July 17, 1935.