BENJAMIN SWAIN ET UX. v. STANDARD ACCIDENT INSURANCE COMPANY.

No. 6963. Decided November 10, 1937.
(109 S. W., 2d Series, 750.)

*G. Woodson Morris* and *Martin S. Tudyk*, of San Antonio, for plaintiffs in error.

In the absence of a provision in the Workmen's Compensation Statute of Texas defining the ownership of money due and payable as compensation for injury to unemancipated minor child living with its parents, the common law rule that the earnings of the minor child are payable to the parents during minority should be followed and the compensation, which is payable in lieu of wages, should be paid to the parents. Houston & T. C. Ry. Co. v. Boozer, 70 Texas 530, 8 S. W. 119; Taylor v. Leonard, 275 S. W. 134; 1 Schneider's Workmen's Comp. Law, 3, Sec. 1.

*Eskridge, Groce, Rice & Easterling,* of San Antonio, for defendant in error.

Plaintiffs having failed to show that the Industrial Accident Board has passed upon the question as to whether or not the cause of the death of Lucile Swain was from a compensable injury and also failed to discharge the burden of proof upon them to show compliance with the statutory provisions necessary to the maintenance of the suit, an instructed verdict was proper. Traders & Gen. Ins. Co. v. Baldwin, 50 S. W. (2d) 863; Texas Emp. Ins. Assn. v. Morgan, (Com. App.) 295 S. W. 588; McDonald v. Texas Emp. Ins. Assn., 267 S. W. 1074.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

This is a workmen's compensation case disposed of on appeal by the San Antonio Court of Civil Appeals, in an opinion reported in 81 S. W. (2d) 258. That opinion correctly decided this case we think and we write only because of an apparently new contention not pointedly discussed therein, and upon which writ was granted.

It is expressed by plaintiffs in error here in the following language:

"In the absence of a provision in the Workmen's Compensation Act of Texas defining the ownership, or expressly disposing of the money either to parents or child, due and payable as compensation insurance by reason of an injury and consequent incapacity to work by an unemancipated minor child living with its parents, the common law rule that the earnings of a minor child belong and are payable to the parents during minority is followed, and thereafter compensation insurance which is payable in lieu of wages, and accruing during minority belongs and is payable to the parents."

We sketch briefly sufficient of the factual background to make this opinion understandable.

Lucile Swain, a minor then past 19 years of age, was injured in the course of her employment in April, 1930. She thereafter received either compensation or her usual wages for about one year. About November 27th, 1931, she filed a claim with the Industrial Accident Board for permanent and total disability, which was disallowed about February 12th, 1932. She died February 22d, 1932. Her parents gave the proper notice to said board of their unwillingness to abide by said action, and this suit was seasonably filed. The present action we think was correctly interpreted by the trial court and the Court of Civil Appeals as one for death benefits given under the statute to certain beneficiaries for death resulting from general injuries to an employee during the course of employment. Since no claim had been filed for same with the said board as provided by statute, plaintiffs in error were cast in their suit.

■■ If we interpret the present case as one for compensation or earnings of a minor child belonging to the parents of such child, the plaintiffs in error immediately face the conclusively shown fact that the district court was without jurisdiction to hear such matter. It is now settled that liability to the employee as such ceases with his death—that is in cases of the present character only the matured and unpaid installments of compensation accruing prior to death are collectible. Where death results from the injury, a new cause of action arises in favor of his beneficiaries, distinct however from the former, and which must be begun in the manner provided by statute. Traders and General Insurance Co. v. Baldwin, 125 Texas 577, 84 S. W. (2d) 439; Texas Employers' Ins. Assn. v. Phillips, 130 Texas 182, 107 S. W. (2d) 991. So here, conceding the correctness of all that plaintiffs in error claim, the most they could have recovered for accrued and unpaid compensation prior to their daughter's

death, under their own theory and pleadings, was the sum of $350.00, an amount below the jurisdiction of the district court.

We think however no such suit was filed by them, and any further discussion is not believed to be necessary.

Judgment of Court of Civil Appeals affirmed.

Opinion adopted by the Supreme Court Nov. 10, 1937.