**TEXAS INDEMNITY INS. CO. v.**
**HENSON et al.**

No. 4132.

Court of Civil Appeals of Texas. Beaumont.

April 29, 1943.

Rehearing Denied May 19, 1943.

seeking to recover the statutory death benefit. She alleged, among other things, that W. B. Henson, as such employee, received in the state of Ohio, while in the course of his employment, accidental injuries which resulted in his death, and invoked the extra-territorial provisions of the Texas Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. Defendant, appellant, answered by a general denial and specially plead that W. B. Henson's death resulted solely from disease, that is, cirrhosis of the liver; that he was not a Texas employee within the meaning of the Texas Workmen's Compensation Act at the time he received his injury, and that if he ever was, that nevertheless during his lifetime he had waived his rights as such and had elected to pursue his remedy and to recover under the Ohio Compensation Act, Gen.Code Ohio, § 1465-37 et seq., in the state where he was injured, and had thereby precluded and terminated his contract of insurance under the Texas act, whereby it had no liability to plaintiffs.

The case was tried to a jury upon special issues, and answers returned upon which both plaintiffs and defendant filed motion for judgment notwithstanding the verdict. The court overruled the defendant's motion, but sustained plaintiffs and awarded judgment in their favo against defendant in the sum of $6,228, and apportioned the judgment among the plaintiffs, except one, and their attorneys. Defendant timely filed its motion for a new trial, which was overruled, and it brings this appeal.

Appellant's first three assignments are presented together. They are:

1. "The error of the court in refusing to instruct a verdict for the defendant, the undisputed evidence showing that W. B. Henson was not a 'Texas employee' within the meaning of Act, and that on the date of his injury he was not working under the same contract of hire by virtue of which he worked for his employer in the State of Texas." Answer "Yes."

2. "The error of the court in overruling defendant's motion for judgment notwithstanding the verdict of the jury, the undisputed evidence showing that W. B. Henson was not a 'Texas Employee' within the meaning of the Act, and that on the date of his injury he was not working under the same contract of hire by virtue of which he worked for his employer in the State of Texas." Answer "Yes."

· Coker, Rhea & Vickery, of Dallas, and A. J. Thompson, of Nacogdoches, for appellant.

Jas. F. Deloney, of Nacogdoches, and Collins, Williams & Garrison, of Lufkin, for appellees.

O'QUINN, Justice.

This is a compensation insurance case. The Chicago Bridge & Iron Company was the employer, W. B. Henson the employee, and Texas Indemnity Insurance Company the compensation insurance carrier. The case is in the nature of an appeal from an unsatisfactory award or ruling of the Industrial Accident Board. Mrs. Nora Henson, surviving widow of W. B. Henson, deceased, who during his lifetime was an employee of Chicago Bridge & Iron Company, individually and as next friend of and joined by the minor children of herself and the said deceased, W. B. Henson, sued Texas Indemnity Insurance Company

3. "The error of the court in submitting special Issue No. 1 to the jury, the undisputed evidence showing that W. B. Henson was not on September 3, 1941, working under the same contract of hire by virtue of which he worked for his employer in the State of Texas." Answer "We do not so find."

Under these assignments it is insisted Henson's contract of hire and his status as a Texas employee terminated when he was sent out of Texas into other states (Louisiana, Illinois, Ohio) in which under different foremen of his employer, the Chicago Bridge & Iron Company, he worked as a skilled laborer. Henson was employed in Texas, and worked in Texas for a considerable time, and was from place to place working under various foremen of his employer, and was then temporarily transferred to the state of Louisiana where he worked for the same employer until about July, 1941, when he was again temporarily transferred by his employer to East St. Louis, Illinois, where he worked as directed by the foreman of his employer, and was then transferred to Wood River, Illinois, where he worked for a time under the foreman of his employer, and was temporarily transferred by his employer to East Sparta, Ohio, where he worked for his employer until September 3, 1941, when he accidentally received the injuries from which he died on December 9, 1941. It plainly appears that appellant had a rule or custom that it held on to its skilled workmen employees and when any job was completed it did not discharge its skilled workmen, but held them and paid $3 per day as what is called "waiting wages" until another job was opened when the waiting employee was called to work at regular wages. This happened to Henson several times even when he was not shipped to other places in or out of the state in which his last work was performed even from one state to another, paying transportation expenses to hold them. There is much evidence in the record showing this to be true evidencing the company's policy in treating its employees and retaining them from one job or place to another. The jury found against appellant's contention, and the record amply sustains their finding. Texas Employers Ins. Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33.

The fourth and fifth assignments of error are:

4th. "The error of the court in refusing to instruct a verdict for the defendant, the uncontradicted evidence showing that W. B. Henson, the deceased employee, had elected to pursue his remedy and recover compensation under the law of and in the State of Ohio where his injury occurred."

5th. "The error of the court in overruling defendant's motion for judgment notwithstanding the verdict of the jury, the uncontradicted evidence showing that W. B. Henson, the deceased employee, had elected to pursue his remedy and recover compensation under the law of and in the State of Ohio, where his injury occurred."

Henson, the deceased employee, received his injuries from which he died while in the course of his employment with Chicago Bridge & Iron Company in the State of Ohio. He was injured on September 3, 1941, and died from the effect of said injuries on December 9, 1941. Under the laws of the State of Ohio, the Industrial Commission of said state could grant authority to employers of labor to pay compensation direct to injured employees who were injured in the course of their employment for their injuries. Such authority had been granted to Henson's employer, Chicago Bridge & Iron Company, and on September 11, 1941, under agreement with Henson it began to pay him compensation, and on said date did pay to him the sum of $18.75 and continued to make payments of compensation to him and his wife until December 3, 1941, at which time such payments amounted to the sum of $225. These payments were made by check, accepted by Henson and his wife which were cashed and the money retained and used by them. Attached to each check was this statement: "Received amount stated from above Company as payment made by said employer under the provisions of the Workmens' Compensation Law of Ohio, on account of an injury to the above named individual on September 3, 1941." Each of said receipts were accepted by W. B. Henson and Mrs. W. B. Henson and cashed. The last two of said checks were dated and signed by Henson on November 18th and December 2, 1941, respectively.

On September 15, 1941, twelve days after receiving his injury, W. B. Henson, at Canton, Ohio, executed in writing signed by him first notice of his injury and made application to Chicago Bridge & Iron Company, his employer, for payment

116

of compensation for the injury sustained by him on September 3, 1941, at East Sparta, Ohio, as prescribed by the laws of the State of Ohio. Such was filed with the Industrial Commission of Ohio on October 8, 1941, together with a letter from Chicago Bridge & Iron Company and filed with notice that it was paying compensation, and giving the claim No. 271456-22. The company under date December 4, 1941, filed its report with the Commission showing payment of compensation to Henson covering time from September 11th to November 26, 1941. As before stated, Henson died on December 9, 1941.

W. B. Henson, said injured employee, on November 17, 1941, executed a claim for compensation for the injury received by him on September 3, 1941, and same was received and filed by the Texas Industrial Accident Board on November 20, 1941. Said Board considered said claim and duly made its final ruling and award. Not being satisfied with such ruling and award, appellees duly gave notice to appellant and the Board that they would not abide said award, but would in due time file suit in a court of competent jurisdiction to set aside said award and to have judgment for compensation. This suit followed, filed on February 4, 1942. The two assignments, set out supra, which we are now discussing insist that the court erred in refusing to sustain its motion for an instructed verdict because the deceased, W. B. Henson, had elected to pursue his remedy for compensation for his injuries, and to receive compensation and medical benefits under the laws of the State of Ohio, where his injuries occurred, and that he did receive compensation and medical benefits as a result of his said election, and did accept and appropriate such compensation and medical benefits as a result of his said election, and did accept and appropriate such compensation as he had the right to do. We think that at the time of his injury, Henson, under our statute, section 19, Article 8306, Vernon's Annotated Civil Statutes, had the option of maintaining that he had a contract of insurance with either the Texas insurer or the Ohio insurer, but not with both. Under the Act, when he elected to be insured under the Ohio act there was thereafter no contract of insurance between him and the defendant (the Texas insurer), and so none between his beneficiaries and the defendant. The assignments are sustained.

The record reflects the facts as stated. But appellees say that no election of remedies by Henson is shown because the evidence did not show that he had an existing remedy available to him in the state of Ohio. This contention is not sound. The Industrial Commission of the State of Ohio was in existence and had jurisdiction of the Workmen's Compensation Department which regulated and adjusted claims for compensation damages to be paid to injured employees in that state by reason of injuries suffered by them in the course of their employment; this Industrial Commission was authorized by law to give authority to employers to make payments direct to their employees of compensation for injuries received by them in the course of their employment; this authority had been granted to Henson's employer and said employer did not deny Henson's injury and was not only willing to make payments as authorized and required by law, but actually did make such payments which were accepted without question by Henson and his wife. Henson made no question of his employer's authority to settle his claim. He also, being a Texas employee under the laws of Texas, had the right to claim compensation for his injuries under the compensation laws of Texas. He had the right to select his remedy for his compensation for his injuries, to elect which source of compensation he would choose, and exercise this right and elected to accept same from and under the laws of the State of Ohio, and, accordingly, received and retained and appropriated to his benefit such compensation so paid to him until the time of his death or within a few days thereof. It is seen that he had an active, ample and immediately available remedy, and exercised his choice thereof. Having exercised directly his choice between the two inconsistent courses and elected to accept compensation under and according to the laws of Ohio, and actually did carry out this election by receiving such compensation, his filing or having some one file his claim for compensation with the Industrial Accident Board of Texas did not, as a matter of law, nullify, cancel or destroy the effect of his prior election to receive compensation he had theretofore made to be compensated under the Ohio Law. Travellers Insurance Co. v. Cason, 132 Tex. 393, 124 S.W.2d 321 (322).

But appellees contend that deceased, even if he had an election as to the manner and source from which he would receive his

compensation insurance, his election could have no effect upon the rights of plaintiffs as his beneficiaries. Their insistence is that "an employee cannot after injury, by any act whatever affect the right ·of his beneficiary," that in a death case the right of action to recover the insurance survives to the beneficiary, and cites to sections 8, 8a, and 8b of Article 8306 of Vernon's Annotated Civil Statutes. We have not been able to find any decided case directly in point, but we think the insistence unsound. An employee in the course of his employment receives an injury clearly entitling him to compensation. He has a wife and child. They are entitled to share the benefits of the compensation received by the husband and father. Payment of the compensation is begun going to the benefit of the whole family. Pending payment the injured employee dies. His right to recover is wiped out, but the right to recover survives to the beneficiaries. But suppose that during his lifetime after receiving his injury, he does some act that ends his right to recover— his right to further recovery is terminated. In that case, if he dies, the right existing in him ends and does not survive to any person. It simply does not pass to his ·beneficiaries by the laws of descent and distribution, ·because the right having existed in the injured party, if during his continued existence he has done some act that terminated the existence of such right, then at his death the right no longer exists and suit on it as a basis for the suit cannot be maintained. It is provided in said section 8a that "the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the death of the deceased." At the time, and before he died, deceased had elected to receive and accept compensation for his injuries from the state of Ohio, and was actually so receiving such compensation. That act of deceased terminated all he had theretofore had to claim compensation in the state of Texas. This right having ceased, it did not exist to be exercised by the beneficiaries. And, too, by his election to recover under the Ohio law, and under this election having accepted compensation to the time of his death, could not have recovered compensation also under the Texas law, and so there being but one right to recover and one forum in which to recover and that right having already been exercised by one in whom such right was lodged, there was no further choice to be exercised by another beneficiary.

My brethren concur with me in my statement of the case and in my conclusion that at the time of his death W. B. Henson was "a Texas employee" under the provisions of our Workmen's Compensation Act. But it is their conclusion that appellees herein are not estopped by the act of W. B. Henson claiming compensation under the laws of Ohio, and they have asked me to supplement my opinion with the following statement of their reasons for overruling the plea of estoppel as it relates to appellees. As my brethren construe Traders & General Insurance Co. v. Baldwin, 125 Tex. 577, 84 S.W.2d 439, 441, the claim of appellees for compensation under our Texas Workmen's Compensation Act is separate and distinct from the cause ·of action for compensation which W. B. Henson, deceased, asserted under the Ohio law. In the case cited, our Supreme Court adopted the following proposition as the law of this state on the nature of appellees' claim: "The Workmen's Compensation Law, in no uncertain terms, creates a cause of action for compensation insurance in favor of the legal beneficiaries · of a deceased employee for the death of the employee. That cause of action, for all practical purposes, is separate and distinct from the cause of action for compensation which the same statute just as certainly creates in favor of the injured employee."

I concur with my brethren that the other propositions advanced by appellant do not constitute error of a nature to reverse the judgment of the lower court.

It is the order of my brethren that the judgment of the lower court be in all things affirmed. It is my conclusion on the issue of estoppel discussed by me supra that the judgment of the lower court should be reversed and judgment here rendered for appellant. My discussion of that issue is a sufficient statement of the ground of my dissent.

Judgment affirmed.

O'QUINN, J., dissenting.