Herbert PIRO, Appellant,

v.

Rosie Nell PIRO, Appellee.

No. 16025.

Court of Civil Appeals of Texas.

Fort Worth.

July 10, 1959.

Rehearing Denied Sept. 18, 1959.

John H. Holloway, Houston, for appellant.

O'Neal Morris, Houston, for appellee.

MASSEY, Chief Justice.

On June 5, 1959, we entered judgment reforming and affirming the judgment of the trial court. After further study of the case on motion for rehearing we have come to the conclusion that we were in error in so doing. The former opinion is hereby withdrawn and the following substituted therefor.

The basic question to be resolved on appeal is that determining the extent, if any, of the community estate and interest in and to an unsettled pending compensation claim growing out of an alleged injury to the husband, as calculable upon the date a decree is entered divorcing such injured person from his wife. Elements of such a claim for compensation include the question of liability of third-party insurance companies therefor, and, if liability exists, to what extent and for what period.

It has been held that a claim for death benefits under the Texas Workmen's Compensation Act, a claim separate from that based upon the injury itself, is vested, complete and absolute, and may be assigned. Swain v. Standard Acc. Ins. Co., 1937, 130 Tex. 277, 109 S.W.2d 750; Traders & General Ins. Co. v. Boysen, Tex. Civ.App., Beaumont, 1939, 123 S.W.2d 1016, writ dism., judgment correct. It has been held that compensation paid to one marital partner becomes the community property of both. Pickens v. Pickens, 1935, 125 Tex. 410, 83 S.W.2d 951.

We believe such holdings to be correct, and it follows that a chose in action for compensation because of an injury to one marital partner is the community property of both to the extent that it is a liquidated claim and demand, as for accrued compensation. Contrarily, however, as to the extent such chose in action is a claim and demand, as for an unliquidated amount, for compensation which has not yet accrued, it remains the separate property of the injured person and constitutes no part of the community property of such person and his marital partner. Thus, if it is possible at any time for married persons to determine what part of a compensation claim may properly be arrived at as then fixed, due and owing, they can treat same as community property.

In the event of a dissolution of the marriage relation of a husband and wife by a decree of divorce, a calculation of the amount of compensation due and accrued as community property may be possible in some instances. If not calculable in money at such time, but will be as of such time, upon entry of a final judgment or award in a pending compensation case, the court trying the divorce case can divide the interest in compensation which is calculable as having accrued on and prior to the date thereof. However, in the event the decree of divorce grants to the uninjured partner any interest in the compensa-

tion claim of the injured partner which "reaches into" compensation which has not accrued, *or which may be determined in the trial of the compensation case as not having accrued on and prior to the date of the divorce*, the decree would amount to a judicial compulsory assignment of compensation benefits belonging to the single individual entitled thereto. Such an assignment is prohibited by Vernon's Ann.Tex. Civ.St., Art. 8306, sec. 3.

It has been stated in a case where the property division decreed in a divorce judgment gave the uninjured partner a 50% interest in specific compensation, payable over a period of more than double that of the time interval between the date of injury and the date of the divorce decree, that such award amounted to a judicial compulsory assignment prohibited by Art. 8306, sec. 3. Mabry v. Aetna Casualty & Surety Co., Tex.Civ.App. Galveston, 1950, 230 S.W.2d 572.

In view of our belief in the principles above stated we examine the case presented by the instant appeal and apply the same in a test of the propriety of the judgment of divorce as same deals with the division made of a workmen's compensation chose of action. The said claim, or a portion thereof, constituted the only community property of the parties to the divorce.

By statements in the brief of the appellee as well as in that of the appellant it is agreed that appellant, Herbert Piro, the injured partner at compensation, had sustained permanent disability as a result of injuries covering a period of between 81 and 83 weeks prior to the date of the divorce decree. No compensation had been paid. The insurance companies against which the claim for compensation pended were not parties to the divorce suit and they had not agreed that any compensation was due and owing, including that claimed for the period prior to date of the divorce decree. Of course, the parties before us could not make an agreement upon the matter of said companies' liability which

would be binding upon them. The claim was out of the Industrial Accident Board and the Board's award had been appealed and was pending in the trial court for a trial de novo at the time the divorce was decreed.

That part of the decree of divorce which purported to divide the property of the parties reads as follows: " * * * plaintiff and defendant have and own no community property except a compensation claim now being asserted and prosecuted * * * which property and property right is hereby partitioned so as to give to defendant, Herbert Piro, four-fifth (⅘) of all proceeds, if any, to be recovered from the above causes of action and so as to give to plaintiff, Rosie Nell Piro, one-fifth (⅕) interest in the proceeds, if any, to be recovered from the above causes of action, after deducting from the full amount of such recovery the regular attorney's fee allowed the said Herbert Piro's attorney for prosecuting said claim * * *."

It could only be through a wait to see what the outcome of the compensation suit would be that it could be determined whether or not the appellee, Rosie Nell Piro, had or had not been awarded an interest in the unliquidated part of her former husband's compensation. In view of the judgment of divorce she was granted a one-fifth interest in the proceeds to be derived from the final judgment for compensation, irrespective of whether it should cover benefits for the period prior to the date of the divorce. In other words it was speculative as to whether the appellee might be considered to have been granted more compensation than the insurance companies would ultimately be liable to pay out because of disability occurring prior to the date of the divorce decree. If the decree does purport to grant appellee a greater amount than such compensation would amount to, or a percentage interest by which a greater amount would be calculable, then appellee would receive a judicial compulsory assignment of compensa-

tion benefits belonging solely to her ex-husband. Certainly would that be true should the judgment in the compensation case grant nothing for disability claimed prior to the date the divorce was decreed, but at the same time grant a substantial amount in compensation for the period following said date. The same thing would be true if it should prove necessary to resort to any part of the compensation awarded for disability after date of the divorce decree, in order to make up one-fifth of the total proceeds for which judgment was entered.

It is thus demonstrated that the property division ordered as part and parcel of the divorce decree did purport to grant appellee an interest in an unliquidated claim and demand as for compensation which had not yet accrued as community property of herself and her husband. In our opinion such constituted reversible error.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing

The following language is added to the opinion in this case for clarification and not as an addition to nor alteration of what has already been written. In view thereof counsel should not interpret same as authorizing the filing of any further motion for rehearing and any such will not be allowed.

■ No point on which the appeal is predicated constitutes an attack upon that part of the judgment below which decrees a divorce of the parties. Rather does the appeal present contentions relative to the propriety of the part of the judgment which partitions the community property of the parties, as a matter ancillary to divorce decree and under authority of statute.

· Therefore the decree of divorce has become final, though it is true that the judgment of this court remands for another trial the ancillary matter of the partition of the parties' community property. Au-

thority of the trial court upon such further trial will of course be under and by virtue of the statute which would apply were the right to divorce again a matter to be tried, even though such right will not be an issue.

Motion for rehearing is overruled.