Herbert PIRO, Appellant,

v.

Rosie Nell PIRO, Appellee.

No. 13679.

Court of Civil Appeals of Texas.

Houston.

May 4, 1961.

On Second Motion for Rehearing
Sept. 7, 1961.

Rehearing Denied Sept. 28, 1961.

John H. Holloway, Houston, for appellant.

O'Neal Morris, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment dividing community property rendered in a divorce action. The only community prop-

erty involved is a judgment for workmen's compensation benefits.

Appellee, Rosie Nell Piro, filed suit for divorce in the District Court of Harris County, which was tried on October 13, 1958. The trial court rendered a decree of divorce and in connection therewith made a division of the community property. Appellant perfected an appeal to the Court of Civil Appeals and on July 10, 1959, 327 S.W.2d 335, the Court reversed the judgment of the trial court in so far as it pertained to the division of community property and affirmed that portion of the judgment granting divorce.

Appellant, Herbert Piro, sustained injuries during his marriage to appellee, which resulted in a suit for workmen's compensation benefits filed as Civil Action No. 11474 in the District Court of the United States for the Southern District of Texas, at Houston, Texas. On March 21, 1958, appellee filed a motion to intervene in said action. The motion was contested, but was granted by the court. Appellant's answer to the petition in intervention filed by appellee appears in the transcript, but the petition is not included.

On March 24, 1959, judgment was entered in favor of appellant.

An order overruling motion for new trial in said Civil Action, entered June 23, 1959, corrected the previously entered judgment and provided: "Intervenor is denied all relief herein, and all relief not granted herein by the judgment entered March 24, 1959, and this modified order, is as to all parties herein specifically denied."

Thereafter, by instrument dated July 30, 1959, entitled "Satisfaction of Judgment" and filed among the papers of said Civil Action, Aetna Casualty and Surety Company admitted "as now being undisputed" that appellant and his attorney were entitled to recover $1,741.35 for permanent partial incapacity (thereby modifying the court's judgment), but disputed the right to recover for temporary total disability and

agreed with appellant and his attorney to settle that portion of the claim for $1,258.-56, making a total settlement of $3,000, in consideration of which all claims against the company were released.

On the 28th day of March, 1960, this case was called for trial before the District Court of Harris County, at which time appellant filed and called to the attention of the court "Defendant's Plea and Motion for Judgment" by which he "moved the Court to deny Plaintiff Rosie Nell Piro further adjudication and litigation of her asserted claim to certain Workmen's Compensation benefits of Herbert Piro" in which he alleged the facts concerning appellee's intervention in the workmen's compensation suit and specifically pled the judgment in that suit as "res judicata and judgment in bar" to the cause of action asserted herein. He further pled the judgment as an estoppel and an election of remedies. In the same instrument appellant pled that the court was without jurisdiction "to pass upon, divide, assign, interfere with or adjudicate the compensation claim of Herbert Piro because of the provisions of the Workmen's Compensation Act * * *"; that the court was without jurisdiction because appellee had presented her claim to the Industrial Accident Board and the trial court, both of which denied her relief. In connection with the motion appellant offered *into* evidence certified copies of the orders entered in the Federal court in the compensation case which, however, did not include a copy of the petition in intervention. The court denied the motion and admitted the evidence offered for the purpose of a bill of exceptions. Later the court admitted for all purposes the judgments in the compensation case and the pleadings and other orders previously amended only on the bill of exceptions.

On the 9th day of May, 1960, the trial court entered a judgment decreeing that the judgment of divorce entered on October 13, 1958, be amended and corrected so as to partition the *judgment* awarded in the United States District Court by awarding

Rosie Nell Piro the sum of $697.89 as her full interest "in said judgment" and awarding the balance of the recovery to Herbert Piro. The judgment further provided that except for such correction the original divorce decree should remain "in full force, effect and final, without change or modification on the question of divorce."

Appellant first attacks the action of the trial court in refusing to sustain appellant's plea of (1) res judicata, (2) judgment in bar, (3) judgment by estoppel, (4) election of remedies, and (5) plea to jurisdiction of the court.

In Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 471, 144 A.L.R. 1, the court held:

"In determining whether a party to a suit is concluded by the decision of a question of fact or of law made in a former suit to which he or one through whom he holds title was a party, it is necessary not only to look to the terms of the judgment rendered in the former suit, but also to consider that judgment, its findings and recitals in the light of settled rules as to the principle of res adjudicata or conclusiveness of judgment. One of the best statements of the general principle is that contained in the opinion written by Justice Pitney in [State of] Oklahoma v. [State of] Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831, 834. It is: 'A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action'. See, also, Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039.

"It is apparent from the use in the quoted rule of the words 'distinctly put in issue' and from other expressions in the court's opinion in [State of] Oklahoma v. [State of] Texas that consideration must be given to the pleadings in testing what was involved and determined in the former suit. In James v. James, 81 Tex. 373, 380, 16 S.W. 1087, 1089, it is said that: 'It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or *that such issue, or question, should have been fairly within the scope of the pleadings.*' (Our italics.) See, also, First National Bank of Bryan v. White, Tex.Civ.App., 91 S.W.2d 1120; 30 Am.Jur. pp. 927, 928 § 182."

It is necessary, therefore, to consider the intervention and answer in the Workmen's Compensation suit to determine the matters placed in issue. Since the petition in intervention was not introduced into evidence, we are not able to determine the issues made by the pleadings. Davis v. First Nat. Bank of Waco, supra, however, held that "a judgment is not conclusive of a question which could not have been adjudicated in the case in which it was rendered" and that "' * * * a party is concluded by a judgment in the right only in which he sued or is sued.'"

The judgment of the United States District Court does not furnish in itself any indication of the questions determined. As a general rule the United States District Courts have no jurisdiction to determine matters involving domestic relations. In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500; Albanese v. Richter, 3 Cir., 161 F.2d 688.

■ The question of the proper division of the accumulated community property is

a domestic relations matter wherein the rights of the parties are creations of statute. There is no comparable statute of the United States whereby the United States District Courts could acquire original jurisdiction of such matters. Those matters could not have been adjudicated in the United States District Court case under consideration. The court could properly have based his decision on the ground that the husband's right to manage the community estate gave him the right to conduct the trial of the case and to collect in that capacity all compensation awarded. Mabry v. Aetna Casualty & Surety Co., Tex.Civ. App., 230 S.W.2d 572. The Supreme Court of Texas has held "that, although a suit is brought by the husband or the wife as plaintiff, both are parties to the suit, and the one bringing the suit represents the other by virtue of his or her marital status." McAdams v. Dallas Ry. & Terminal Company, 149 Tex. 217, 229 S.W.2d 1012, 1014. "It is not essential to the continuance of the community that the husband and wife live together." 23 Tex.Jur., Husband & Wife, § 124. There can be no partition between the husband and wife of community property during marriage. Ibid., § 116. The judgment rendered in the compensation suit, therefore, should not be construed to hold that appellee had no community interest in the compensation claim. The judgment in favor of appellant became a judgment for appellee also since appellant was suing in behalf of appellee in so far as she had a community interest in the claim.

Here appellee prayed for a division of the accumulated community property as an incident to her divorce action as directed by statute. The judgment in Civil Action No. 11474 was not res judicata in respect to that issue, nor did appellee's action in filing the intervention constitute an election of remedies since the relief sought here could not have been granted in the previous suit. Davis v. First Nat. Bank of Waco, supra; Gibson v. Oppenheimer, Tex.Civ. App., 154 S.W. 694, error ref. Appellant's pleas of res judicata, judgment by estoppel, judgment in bar, and election of remedies were properly denied by the trial court.

■ Appellant asserts that the trial court lacked jurisdiction "to attempt to 'apportion or assign' to a wife a part of a Federal Court judgment which actually denied the wife any part of same." "Where there is no common property to divide, separate property of husband may be divided as long as he is not divested of title to real property." 20 Tex.Jur.2d p. 550, Divorce and Separation, Note 14; Scott v. Ft. Worth Nat. Bank, Tex.Civ.App., 125 S.W. 2d 356, error dism.; Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891. At the time the judgment appealed from was rendered, the judgment in the compensation case had been settled and the $3,000 paid to appellant. Even though this money be considered his separate property, the court would have *jurisdiction* to divide it as an incident to divorce although such action might be error because of the provisions of Article 8306, Sec. 3, Vernon's Ann.Tex. Civ.St., a point which we do not determine.

Appellant's third, fourth, sixth and seventh points all assert that the action of the court in partitioning the *judgment* rendered in the compensation action was error for various reasons. We have concluded that this action of the court was error, though not for the reasons assigned.

■ On the 28th day of March, 1960, the date on which this case was tried, and on the 9th day of May, 1960, the date the judgment herein was signed and entered, the judgment rendered by the Federal District Court in Civil Action No. 11474, deciding appellant's claim for workmen's compensation, had been finally settled and satisfied by the insurance company against which it was rendered and appellant had executed and filed with the court a complete release of the said company of all liability by reason of the judgment. A certified copy of the satisfaction and release of judgment was admitted into evidence. "The satisfaction of a judgment by one primarily liable thereon operates to extinguish it for

**630**

all purposes," and also to extinguish the original debt or claim. 49 C.J.S. Judgments § 577. There was no judgment having vitality which the trial court could have partitioned.

This case is reversed and remanded for a new trial on the issue of the proper division of the community property. As was pointed out in the opinion rendered on the prior appeal of this case, the "Authority of the trial court upon such further trial will of course be under and by virtue of the statute which would apply were the right to divorce again a matter to be tried, even though such right will not be an issue." Piro v. Piro, Tex.Civ.App., 327 S.W.2d 335, 338. "Furthermore, those issues that have not been precluded by the appeal, under the doctrine of the law of the case, may be retried just as if no former trial had ever taken place." 4 Tex.Jur.2d, Appeal and Error—Civil, § 989. The other points relied on by appellant will not likely be involved after another trial, and, therefore, are not discussed.

Reversed and remanded.

On Second Motion for Rehearing

The opinion on motion for rehearing is withdrawn.

■ While it is the law of this case, by reason of the decision rendered in Piro v. Piro, Tex.Civ.App., 327 S.W.2d 335, that Rosie Nell Piro had a community interest in the compensation claim, counsel for appellant stated to the trial court that at the time of the trial of the divorce case 90 weeks and 3 days of compensation had accrued at the rate of $25 per week. During the pendency of this suit the compensation suit was settled for the sum of $3,000, which money was collected by appellant. As between appellee and appellant, appellee is not bound by recitals contained in the Satisfaction of Judgment filed in Civil Action No. 11474.

However, the parties stipulated that the only community property belonging to the parties was the judgment for compensation benefits. We have held that since this. judgment has been paid off and released, it is of no value. While appellant received. certain money belonging to the community, it was received prior to the trial. Since the record does not show that these funds. are still in appellant's possession, it does not contradict the stipulation upon which the parties went to trial. The parties are, therefore, bound by the stipulation and it appears that there is no community property to be divided. No further action is required by the trial court.

The motion for rehearing is granted and the order of this Court reversing the case and remanding it for a new trial is withdrawn. The case is reversed and judgment. is here rendered that appellee's petition for division of community property be denied.