In re ESTATE of Gus BURRIS, Appellant,

v.

ASSOCIATED EMPLOYERS INSURANCE COMPANY, Appellee.

No. 7245.

Court of Civil Appeals of Texas.

Amarillo.

March 18, 1963.

Rehearing Denied April 15, 1963.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

CHAPMAN, Justice.

On January 26, 1959, our court in Associated Employers Insurance Company v. Burris, 321 S.W.2d 112, affirmed a lower court judgment decreeing a recovery for the claimant against the appellee here, the insurance company just named, under the workmen's compensation law of Texas for 401 weeks at the rate of $24 per week. A lump sum was not awarded and Gus Burris departed this life with 176 weeks of the 401 weeks not yet matured. The record does not show if his death resulted from unrelated and independent causes to that of the injury upon which the judgment was rendered that furnished the subject of our January 26, 1959 opinion above mentioned. In view of the lapse of time between the compensable injury and his death, and the fact that the record is silent on that question, we shall assume there was no relation between his death and the compensable injury. Thus, the question to be decided is whether a final, non-appealable judgment awarding weekly workmen's compensation

benefits for a general injury survives to the estate of the injured workman for the unaccrued installments. All due installments had been paid to the date of his death.

The subject generally of the survival right to compensation under our workmen's compensation act and kindred acts of other jurisdictions is one upon which there has been no particular unanimity. The varying views are subjects of a number of A.L.R. annotations [1] and are, we believe, principally attributable to the differences in the language of the controlling statutes. We have not been cited to nor have we found a Texas case directly in point on the exact question here to be decided; that is, survival right where a general injury has been reduced to final, non-appealable judgment and a portion of the installments are unaccrued. However, there are phases of the survival rights that are settled in Texas and the clear distinctions made and reasoning applied to the cases decided upon good authority in our state convince us that the rights here claimed do not survive.

■■ Where an employee has suffered a specific injury for which a definite recovery is prescribed by Section 12 of Article 8306 Vernon's Ann.Tex.Civ.St. recovery right will survive because the employee had a vested right from the date of the accident to recover the number of weeks of compensation prescribed by statute for the particular loss. Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.2d 1046.

■ If death has resulted from a compensable injury and thereafter the statutory beneficiary dies, the recovery right of the statutory beneficiary will survive the beneficiary's death because there exists in the statutory beneficiary a vested right to recover the 360 weeks of compensation prescribed by Section 8 of Article 8306 V.T. C.S. Texas Employers' Ins. Ass'n. v. Lawrence, Tex.Civ.App., 14 S.W.2d 949 (error refused).

However, we believe the unaccrued workmen's compensation benefits do not survive to the estate of the injured workman in a general injury case under Sections 10 and 11 of Article 8306 when the workman's death is unrelated to the injury furnishing the basis of recovery of the compensation benefits. Texas Employers' Ins. Ass'n v. Phillips, 130 Tex. 182, 107 S.W.2d 991; Swain v. Standard Accident Ins. Co., 130 Tex. 277, 279, 109 S.W.2d 750; Traders & General Ins. Co. v. Baldwin, 125 Tex. 577, 84 S.W.2d 439.

Unlike Section 12 of Article 8306, Sections 10 and 11 of the article provide a recovery right only *while the incapacity for work resulting from the injury* is total or partial. Incapacity for work from the time of Gus Burris' death did not result from his injury but from the fact of his death. (Emphasis added).

In the Phillips case just cited the workman recovered total and permanent compensation benefits and on appeal the judgment was reversed and remanded for a new trial. While the appeal was pending Phillips died of causes unrelated to the compensable injury. On the second trial the widow and children were substituted as plaintiffs and they then recovered the same benefits. On appeal the court of civil appeals certified the following two questions:

1. " 'Did the claim of Jim Phillips for compensation survive to his widow and two minor children (a) as his heirs at law or (b) as his legal beneficiaries under the provisions of our Workmen's Compensation Act?

2. 'If the cause of action did not survive for the full compensation period, did it survive for the amount that accrued from the date of his injury to the date of his death?' "

[1]. 15 A.L.R. 821; 24 A.L.R. 441; 29 A.L.R. 1426; 51 A.L.R. 1446; 87 A.L.R. 864; and 95 A.L.R. 254

The reply of the court was as follows:

"We answer questions Nos. 1 and 2 that the claim of Jim Phillips for compensation and any cause of action therefor, survived his death only for the amount of same accruing and unpaid from the date of his injury to the date of his death. All unaccrued and unmatured portions of said claim are extinguished at his death, so that liability exists only for the portion of same matured and unpaid at the time of his death, and hence only this portion passes to his heirs."

The court went on to say:

"It is almost the universal rule that liability for unaccrued compensation terminates with the death of the injured employee, where his injury is general and death is from a cause other than the injury, which form the basis of a claim for compensation."

The court then quoted with approval from the Supreme Court of Oklahoma as follows:

" 'The average weekly wage of the employee is taken as a basis upon which to compute the compensation. Had there been no injury, the payment of wages would cease on the termination of the relation of master and servant. When the relation is terminated by death of the employee, the occasion for making compensation in lieu of wages comes to an end.' "

The Court of Civil Appeals in Swain v. Standard Ins. Co., 81 S.W.2d 258 held that our statute makes a distinction between a general injury and a specific injury and in discussing a general injury case said: "The right to compensation for disability other than death is exclusively in the employee * * *." The Supreme Court in writing on the case said in referring to the Court of Civil Appeals opinion: "That opinion correctly decided this case * * * and we write only because of an apparent-

ly new contention not pointedly discussed therein, and upon which writ was granted."

 We believe there are other good reasons that distinguish a specific injury from a general injury in Texas which causes the workmen's compensation benefits to terminate in a general injury case such as ours upon the death of the workman. Payments such as we have in the instant case are in lieu of wages, are personal like the contract of employment, and are terminated by death, since death would have terminated the contract out of which it grew. Such payments are intended for the personal benefit of the beneficiary workman.

In view of the disposition we have made of the case it is unnecessary to write on the other points raised.

For all the reasons stated and under authority of the cases cited the judgment of the trial court is in all things affirmed.