Defendant's point of error is sustained. The judgment is reversed, and this cause is remanded for another trial.

TRANSCONTINENTAL INSURANCE COMPANY, Appellant,

v.

Nettie Mae WALSH, et al., Appellees.

No. 6324.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1981.

Byron L. Falk, Gerald R. Powell, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

Fred Horner, Dunnam, Dunnam, Horner & Meyer, Waco, for appellees.

HALL, Justice.

This is a suit for death benefits under the workers' compensation act by the workman's surviving wife. The compensation insurer pleaded that it was entitled to offset the net recovery of a third party action filed by the workman and his wife which was settled prior to the workman's death. This offset would have resulted in a take-nothing judgment in favor of the insurer. The case was tried on stipulated facts. Judgment was rendered in favor of the widow. The insurer brought this appeal. We affirm the judgment.

William Robert Walsh sustained compensable injuries in the course of his employment on March 7, 1975. Defendant Transcontinental Insurance Company was the responsible worker's compensation insurer. Mr. Walsh died on September 6, 1977. When Mr. Walsh received the injuries and when he died, he was married to Nettie Mae Walsh, the plaintiff in this case. She has since remarried. Mr. Walsh was physically and mentally incapacitated and incompetent from the date of his injuries on March 7, 1975, until his death on September 6, 1977. He was adjudicated to be an incompetent on April 15, 1976, in a guardianship proceeding filed in the County Court of McLennan County, and that order remained in effect until his death.

On June 4, 1976, a third party action filed by Mr. Walsh and his wife based upon the injuries he suffered in the accident in question was settled for the total sum of $352,000.00. This suit was styled "WILLIAM ROBERT WALSH, JOINED HEREIN BY HIS WIFE, NETTIE MAE WALSH V. SEARS, ROEBUCK AND COMPANY [and others]." Transcontinental Insurance Company, defendant in the present suit, had intervened in the third party action to recover benefits paid to Mr. Walsh. The settlement agreement provided that Nettie Mae Walsh "individually and as guardian" of Mr. Walsh's person and estate would be paid $250,000.00; that intervenor Transcontinental would be paid $52,000.00 (for recovery of $8,610.00 weekly benefits and $43,390.00 medical benefits paid to Walsh); that Mrs. Walsh as guardian would be paid $50,000.00 to be held in trust by her for Mr. Walsh's future medical expenses; and that the parties would ask the court to decide what portion of the $250,000.00 awarded to Mrs. Walsh (individually and as guardian) should be recovery for Mr. Walsh's past and future physical and mental pain, and what portion should be recovery for his past lost wages and future diminished earning capacity.

No benefit payments of any kind based upon the injuries in question were paid by Transcontinental after the settlement.

Judgment was rendered in the third party action on June 17, 1976. It reflected the trial court's findings that the settlement agreement was fair and equitable and should be adopted; that under the terms of the agreement $250,000.00 should be paid to Mrs. Walsh as guardian of the person and estate of Mr. Walsh; that $50,000.00 of the $250,000.00 recovery was for past and future physical and mental pain suffered and to be suffered by Mr. Walsh, and that the remaining $200,000.00 was for his past lost wages and diminished earning capacity in the future; that $52,000.00 should be paid to intervenor Transcontinental; and that $50,000.00 should be paid to Mrs. Walsh as guardian for future expenses for Mr. Walsh "which sum shall be held by said Guardian in trust for such use during the lifetime of William Robert Walsh, and shall be treated as an advance payment against future benefits, both compensation and medical, pursuant to the provisions of Article 8307, Section 6a, V.A.T.S., as amended, without prejudice to any of plaintiffs' further rights under the Workmen's Compensation Act of the State of Texas." The decretal provisions of the judgment followed the court's findings, but it was also expressly ordered that Mrs. Walsh was individually awarded

the recovery of $100,000.00 of the $250,-000.00 to be paid to her "as her community one-half of the lost wages and diminished capacity to labor and earn money of William Robert Walsh recovered herein." It was also decreed that "this Judgment is without prejudice to any of plaintiffs' rights under the Workmen's Compensation Act." The judgment was "approved and agreed to" and signed by all of the parties, including intervenor Transcontinental.

After Mr. Walsh's death, Mrs. Walsh filed her claim with the Texas Industrial Accident Board for death benefits as the surviving widow and for funeral expenses under the provisions of § 8 and § 9 of art. 8306, Vernon's Tex.Civ.St. The present suit was initiated by Mrs. Walsh as an appeal from the ruling of the Board which effectively denied her any death benefits upon the finding that she individually received $100,-000.00 in the settlement of the third party action.

The stipulated facts in the trial court established that plaintiff's benefits under the applicable statutes totaled $7,891.21. Defendant Transcontinental defended on the ground that it was entitled to offset the $200,000.00 net recovery in the third party action against plaintiff's claim. Accordingly, defendant prayed for judgment that plaintiff take nothing. Judgment was rendered for plaintiff, and defendant brought this appeal.

Defendant's offset defense was, and is here, based primarily upon the following provisions of § 6a of art. 8307, Vernon's Tex.Civ.St.:

> If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payment shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

Defendant argues that the benefits awarded to plaintiff constitute "future benefit payments" within the meaning of the statute, and that under the provisions of the statute the net recovery of $200,000.00 received in the third party action should be treated as an "advance" against those benefits.

We do not agree with defendant's construction of the statute. Rather, we agree with plaintiff that she was not a "workmen's compensation beneficiairy entitled to benefits" at the conclusion of the third party action, required for application of the statute.

■ Under our workers' compensation statutes, where death results from a compensable injury a new cause of action for death benefits arises and vests in the legal beneficiaries of the decedent. "This cause of action [for death benefits] is separate and distinct from the cause of action for compensation belonging to the injured employee during his life and which will, upon his death, vest in his legal beneficiaries the right to claim all compensation payments which had accrued at the time of his death but had not been paid." *American Motorists Insurance Co. v. Villagomez*, 398 S.W.2d 742, 744 (Tex.1966). "They are so distinct that the employee can, by no act or deed, release or affect the cause of action [for death benefits] belonging to the legal beneficiaries." *Traders & General Ins. Co. v. Baldwin*, 125 Tex. 577, 84 S.W.2d 439, 441 (1935).

■ In our case, plaintiff was not "at the conclusion of [the] third party action a workmen's compensation beneficiary [who

was] entitled to compensation," within the application of the statute. Mr. Walsh was the beneficiary at that time. It was only after Mr. Walsh's death that plaintiff became a beneficiary under the workers' compensation statutes.

Defendant's remaining contentions are not supported by the record. They are overruled.

The judgment is affirmed.