TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00481-CV






In re Yoshiko Chaisson






ORIGINAL PROCEEDING FROM COMAL COUNTY






PER CURIAM


 Yoshiko Chaisson filed a petition for writ of mandamus requesting that this Court
order the trial court to dismiss a pending cause. The petition arises out of this Court's remand in the
divorce action between Yoshiko Chaisson and Aubin Joseph Chaisson, Jr. See Chaisson v.
Chaisson, No. 03-95-00422-CV, 1996 TEX. APP. LEXIS 4173 (Tex. App.--Austin Sept. 18, 1996,
writ denied). Our opinion and judgment were issued September 18, 1996. Aubin Chaisson filed an
application for writ of error in the Texas Supreme Court. During the pendency of that application,
Aubin died. Because Aubin remarried before the trial court had the opportunity to act on this Court's
remand, a dispute has arisen between Yoshiko Chaisson and the independent executrix (1) of Aubin's
estate as to the scope of our judgment and remand. We have reviewed the record in the underlying
cause. Because no point of error on which the appeal was predicated to this Court constituted an
attack upon that part of the trial court's judgment which dissolved the marriage of the parties, the
decree of divorce has become final even though the judgment of this court reverses the trial court's
judgment and remands the cause. (2) The only part of the judgment at issue in the appeal and thus
subject to reversal and remand was the property division, not the dissolution of the marriage. See
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (appellate court may not reverse judgment of 
trial court for a reason not raised by an appellant); Piro v. Piro, 327 S.W.2d 335, 338 (Tex.
App.--Fort Worth 1959, writ dism'd w.o.j.) (when only part of judgment attacked on appeal was
property division, "reverse and remand" referred to property division).

 Accordingly, we deny the petition for writ of mandamus.


Before Chief Justice Aboussie, Justices B. A. Smith and Puryear


Filed: December 13, 2001


Do Not Publish







1. The independent executrix is the daughter of Aubin Chaisson's last wife, Wakako Teramura
Janzen.
2. A review of the record shows that Yoshiko Chaisson counter-sued Aubin for divorce and raised
no issue concerning the dissolution of the marriage before the trial court. In general, a claim must
have been raised before the trial court in order to be raised on appeal. See Dreyer v. Greene, 871
S.W.2d 697, 698 (Tex. 1993); Walker v. Employees Ret. Sys., 753 S.W.2d 796, 798 (Tex.
App.--Austin 1988, writ denied).